## YOUNG *v.* RAGEN, WARDEN.

No. 50.   Argued November 17, 1948.—Decided June 6, 1949.

*Edward H. Levi* argued the cause and filed a brief for petitioner in No. 50.

*William C. Wines,* Assistant Attorney General of Illinois, argued the cause for respondent in No. 50. With him on the brief were *George F. Barrett,* then Attorney General, *Raymond S. Sarnow* and *James C. Murray,* Assistant Attorneys General.

Petitioners *pro se* in Misc. Nos. 47, 106, 109, 184, 372 and 374.

*Herbert A. Friedlich,* by appointment of the Court, for petitioner in No. 760.

*Ivan A. Elliott,* Attorney General of Illinois, and *William C. Wines,* Assistant Attorney General, were on the briefs for respondent in Misc. Nos. 106, 109 and 184, and No. 760. With them on the brief in No. 760 were *James C. Murray* and *Raymond S. Sarnow.*

MR. CHIEF JUSTICE VINSON delivered the opinion of the Court.

We are once again faced with the recurring problem of determining what, if any, is the appropriate post-trial procedure in Illinois by which claims of infringement of federal rights may be raised. See *Woods* v. *Nierstheimer,*

·328 U. S. 211; *Marino* v. *Ragen,* 332 U. S. 561; *Loftus* v. *Illinois,* 334 U. S. 804. In 1946, petitioner pleaded guilty to an indictment charging him with having committed burglary and larceny and was sentenced to five to seven years imprisonment. A year later he filed a petition for a writ of habeas corpus in the Circuit Court of Randolph County, Illinois, the sentencing court, containing allegations which, if true, raise substantial questions under the due process clause of· the Fourteenth Amendment. The Attorney General of Illinois concedes that petitioner is entitled to a hearing into the truth or falsity of the charges. The court to which the petition for a writ of habeas corpus was directed denied the petition without holding a hearing, however, for the reason that it "is insufficient in law and substance." We granted the petition for a writ of certiorari, 334 U. S. 810, to consider the question thus presented.

The Attorney General explains the circuit court's denial of the petition for the writ as based upon state procedural grounds: that habeas corpus was not an appropriate remedy for the relief of denials of due process. He contends, however, that while the circuit court was correct in its interpretation of Illinois law when it denied the petition, certain statements in the Illinois Supreme Court's opinions in *People* v. *Loftus,* 400 Ill. 432, 81 N. E. 2d 495; *People* v. *Shoffner,* 400 Ill. 174, 79 N. E. 2d 200; and *People* v. *Wilson,* 399 Ill. 437, 78 N. E. 2d 514, all of which were handed down subsequent to the circuit court's denial of relief, strongly indicate that habeas corpus would now be the appropriate Illinois procedure in a case such as' the one before us. His contention is, in other words, that while the petition for habeas corpus was properly denied when acted upon below, the decisions just cited probably broaden the scope of habeas corpus in Illinois, so that a denial of a hearing would be erroneous if the petition were again presented to the circuit court.

The situation is further complicated, however, by the fact that many circuit courts, whose decisions upon habeas corpus are unreviewable by the state supreme court under Illinois law, have continued to deny petitions for habeas corpus on procedural grounds since the supreme court's "announcement" in *People* v. *Loftus, supra.* The Attorney General's position concerning these denials, as we understand it, is that these decisions may be wrong, depending upon whether his interpretation of the *Loftus* "announcement" is the correct one, but that whether right or wrong, they are decisions solely upon a question of Illinois procedural law and thus do not warrant invocation of the jurisdiction of this Court.

Of course we do not review state decisions which rest upon adequate nonfederal grounds, and of course Illinois may choose the procedure it deems appropriate for the vindication of federal rights. *Loftus* v. *Illinois, supra.* But it is not simply a question of state procedure when a state court of last resort closes the door to *any* consideration of a claim of denial of a federal right. And that is the effect of the denials of habeas corpus in a number of cases now before this Court, for in none of the cases does the Attorney General suggest that either of the other two Illinois post-trial remedies, writ of error and *coram nobis,* is appropriate. Unless habeas corpus is available, therefore, we are led to believe that Illinois offers no post-trial remedy in cases of this kind. The doctrine of exhaustion of state remedies, to which this Court has required the scrupulous adherence of all federal courts, see *Ex parte Hawk,* 321 U. S. 114[1] and cases

---

[1] Existing law as declared by *Ex parte Hawk* was made a part of the statute by the new Judicial Code, 28 U. S. C. § 2254, which provides:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the reme-

cited, presupposes that some adequate state remedy exists.   We recognize the difficulties with which the Illinois Supreme Court is faced in adapting available state procedures to the requirement that prisoners be given some clearly defined method by which they may raise claims of denial of federal rights.   Nevertheless, that requirement must be met.   If there is now no post-trial procedure by which federal rights may be vindicated in Illinois, we wish to be advised of that fact upon remand of this case.

Seven other petitions for certiorari which raise substantial questions under the due-process clause of the Fourteenth Amendment are now before this Court following denials of habeas corpus by Illinois circuit courts or the Criminal Court of Cook County.   In none of these cases was a hearing held or the petitioner permitted to submit proof of the truth of his allegations.   In three instances, the denial of habeas corpus occurred prior to the supreme court's "announcement" in *People* v. *Loftus, supra,* as was true in the case of Young.   A similar disposition of these petitions is therefore required.

Four petitions for certiorari involve denials of habeas corpus subsequent to the *Loftus* "announcement."   It may well be that these decisions represent the opinion of four Illinois circuit judges that habeas corpus is not an appropriate remedy under Illinois law despite the *Loftus* opinion.   Out of an abundance of caution, we have concluded, however, that these cases should also be re-

---

dies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

manded to the state courts, since it is possible that the *Loftus* "announcement" was not brought to their attention or its possible significance pointed out. As in the other cases, we wish to be advised, if a hearing is again denied, whether the court is of the opinion that habeas corpus is not an appropriate remedy in Illinois in cases raising questions under the due-process clause of the Fourteenth Amendment.

Accordingly, the order denying the petition for a writ of habeas corpus in No. 50, *Young* v. *Ragen,* is vacated and the cause remanded for consideration of the present availability of habeas corpus in the light of the State Supreme Court's "announcement" in *People* v. *Loftus, supra,* and other relevant Illinois decisions. The petitions for certiorari in No. 47, Misc., *Evans* v. *Nierstheimer;* in No. 106, Misc., *Willis* v. *Ragen;* in No. 109, Misc., *Thompson* v. *Ragen;* in No. 184, Misc., *Lewis* v. *Ragen;* in No. 372, Misc., *Sherman* v. *Ragen et al.;* and in No. 374, Misc., *Banks* v. *Ragen,* are granted. The orders denying petitions for writs of habeas corpus in these cases, together with that in No. 760, *Smith* v. *Ragen,*[2] are vacated and the causes remanded for similar consideration.

*Orders will be entered accordingly.*

---

[2] Certiorari granted, 336 U. S. 966. (Docketed as No. 265, Misc.)