Fred M. DICKSON, Executive Superintendent of the California Institution for Men, Tehachapi, California, Appellant,

v.

Glenn CASTLE, Appellee.

No. 15375.

United States Court of Appeals
Ninth Circuit.

May 8, 1957.

Edmund G. Brown, Atty. Gen., Clarence A. Linn, Asst. Atty. Gen., Arlo E. Smith, Deputy Atty. Gen., State of Cal., for appellant.

John Gelegan, Fresno, Cal., John A. Hooper, William I. Edlund, San Francisco, Cal., Glenn Castle, Los Angeles, Cal., in pro. per., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and POPE, Circuit Judges, Circuit Judge Pope concurring specially.

DENMAN, Chief Judge.

Dickson, superintendent of the California state prison at Tehachapi, California, appeals from a judgment of the United States District Court for the Southern District of California, Northern Division, granting the application of Glenn Castle, appellee, a prisoner in said state prison, for a writ of habeas corpus.

It appears from the record that appellee on September 30, 1949, was charged in the Superior Court of the State of California in and for the County of Orange with issuing a bank check with

intent to defraud. Upon appellee's plea of guilty the court imposed the following judgment:

"It is Therefore Ordered, Adjudged and Decreed that the said G. D. Castle be punished by imprisonment in the Orange County Jail for term of 6 months. Suspended commitment to San Quentin for 10 years. Defendant is to get two days Good Time for every day that he works with the chain gang in the park."

Appellee's application for probation was denied. Thereafter appellee served his sentence in the county jail, and on December 23, 1949, was released from custody. The minutes of the court on that date read:

"Defendant in court without counsel. The People were represented by the District Attorney. Defendant released from custody under order heretofore made by this court. Entered."

Thereafter on July 6, 1951, the court issued a bench warrant for appellee's arrest, in which it was stated that suspension of appellee's commitment to San Quentin "is hereby revoked", and on August 6, 1951, the judgment, the validity of which is attacked in this proceeding, was entered. This judgment reads in pertinent part as follows:

"Whereas the said Glenn Dale Castle having duly plead guilty in this Court of the crime of Felony, to-wit: Issuing Bank Check With Intent to Defraud, and the Defendant having been sentenced to the State Prison for a term prescribed by law, said commitment having been suspended for a term of ten years and said suspension having been revoked,

"It is Therefore Ordered, Adjudged and Decreed that the said Glenn Dale Castle be punished by imprisonment in the State Prison for the term prescribed by law."

Appellee's contention, which was accepted by the court below, is that the "suspended commitment to San Quentin for ten years" with the denial of probation was a nullity under California law, and therefore that the purported revocation of the suspension and the judgment of August 6, 1951, ordering his imprisonment in the state penitentiary was void and deprived him of his liberty in violation of the Fourteenth Amendment. For the reasons which follow we do not reach the merits of this contention.

It appears that while appellee had been notified of the proceeding in the court on August 6, 1951, at which this judgment was issued, he was not present nor was he represented by counsel.

Subsequent to the submission of this appeal to this court it appears that appellee was unconditionally released from the custody of appellant by order of the California Adult Authority.

■ The initial question presented, therefore, is whether this appeal is moot. We hold that under the rule announced by the Supreme Court in Pollard v. United States, 1957, 352 U.S. 354, 358, 77 S.Ct. 481, 1 L.Ed.2d 393, it is not, and we therefore proceed to consider the issues presented by this appeal.

The district court found that although appellee had applied for a writ of habeas corpus from the California Supreme Court, he had not sought certiorari from its denial thereof, which is normally a prerequisite to the filing of an application for the writ of habeas corpus in a federal court except in the "few" cases of special circumstances of which examples are given. Darr v. Burford, 1950, 339 U.S. 200, 210, 70 S.Ct. 587, 94 L.Ed. 761. The court found, however, that there were such "special circumstances" present in this case which excused appellee from this requirement.

The only such circumstance indicated in the record or referred to in the opinion of the court below is that appellee had been imprisoned for five years on a judgment he considered void.

Assuming this to be the case, we are unable to see how his failure to apply for

the issuance of the writ of certiorari from the United States Supreme Court, after the State Supreme Court had denied his petition for the writ of habeas corpus, or how his delay in applying to the United States District Court for the writ of habeas corpus, constitutes special circumstances rendering such process (State remedies) ineffective to protect the rights of the prisoner.

Section 2254 reads as follows:

"§ 2254. State custody; remedies in State courts.

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process *or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.* [Emphasis supplied.]

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. June 25, 1948, c. 646, 62 Stat. 967."

█ It is settled law that the right to apply for the writ of certiorari is a part of the State remedies. A person convicted in a State Court cannot circumvent the effect of such settled law by delaying his petition to the Federal Court past the time for applying to the United States Supreme Court for the writ of certiorari as to the State habeas corpus decision. *There is no claim that*

*the basis of petitioner's claim was discovered by him too late to go to the United States Supreme Court for the writ of certiorari.*

█ In almost every application for habeas corpus the ground asserted is that the judgment under which the applicant is imprisoned is, for one reason or another, void. If the requirement of Darr v. Burford has any meaning, this cannot constitute the special circumstances referred to in that case.

The judgment is reversed and the cause remanded with directions to dismiss.

POPE, Circuit Judge (concurring specially).

If appellee's petition for a writ of habeas corpus presents a federal question I agree that he must first exhaust his state remedies. His earlier effort in that direction was abortive for he did not comply with Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, and he allowed the time to seek certiorari to expire. That mistake on his part does not forever foreclose him from relief from a void judgment, nor does it excuse him from further attempts to seek relief in the state courts, for I assume that in California, as in most states, a denial of habeas corpus is not res judicata and does not, per se, prohibit another try.[1]

Therefore, since a chance for state relief is still open to appellee, if he is still confined in violation of federal constitutional right, he must make another try for that relief before he goes to the federal court.

I should add, however, that I cannot perceive that appellee's petition presented any question of federal rights.

1. If the California rule were like that in some states, and one denial foreclosed any other applications, then there would now be "an absence of available State correc- tive process" under Title 28, § 2254. Cf. Young v. Ragen, 337 U.S. 235, 238, 69 S. Ct. 1073, 93 L.Ed. 1333.