256 F.2d 844
 The SUPERIOR COURT OF The STATE OF CALIFORNIA, IN AND FOR
The COUNTY OF LOS ANGELES, Petitioner,
v.
UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF
CALIFORNIA, SOUTHERN DIVISION, Respondent.
 No. 15807.
 United States Court of Appeals Ninth Circuit.
 April 7, 1958.
 
 Harold Kennedy, County Counsel, William E. Lamoreaux, Asst. County Counsel, County of Los Angeles, Cal., Pacht, Ross, Warne & Bernhard, Clore Warne, Leo Altschuler, Harvey M. Grossman, Los Angeles, Cal., for appellant.
 Phillip Barnett, W. A. Lahanier, San Francisco, Cal., Maxwell Sturges, Newport Beach, Cal., for appellee.
 Before FEE and CHAMBERS, Circuit Judges, and CHASE A. CLARK, District judge.
 JAMES ALGER FEE, Circuit Judge.
 
 
 1
 This proceeding arises upon a petition filed by the California Superior Court, seeking to compel the United States District Court to vacate an order directing an alternative writ of certiorari to issue to petitioner, California Superior Court.
 
 
 2
 This Court gave leave that the petition be filed, and, after notice to all parties involved, held several hearings.
 
 
 3
 In a proceeding pending in the United States District Court for the Northern District of California, Southern Division, a receiver had been appointed to receive the salary and other assets of a judgment debtor upon execution unsatisfied. The answer of the District Court in this proceeding indicates that, from the monthly proceeds coming into the hands of the receiver, distributions were to be made to the judgment creditor, other creditors and also to the judgment debtor for his living expenses, subject to the ex parte approval of the court. The record reveals that, within the three months following the appointment of the receiver, distributions totaling at least $2,000.00 were made to the judgment debtor out of receivership funds by the court on ex parte application for his 'support and maintenance' and 'living expenses.'
 
 
 4
 Another suit by a creditor was commenced in theSuperior Court of the State of California in and for the County of Los Angeles against the judgment debtor in the federal court, to whom reference has been made. The Superior Court ordered said defendant to pay specified monthly sums due the creditor. Upon failure, the court found defendant in contempt and ordered him to purge himself thereof or be confined in the Los Angeles County Jail for a period of five days. From this order, defendant petitioned the California District Court of Appeal for a writ of prohibition directed to the Superior Court. When the petition was denied, defendant unsuccessfully sought hearing in the California Supreme Court. Thereafter, defendant discharged the obligation, and the contempt was purged.
 
 
 5
 Subsequently, further payments to the creditor became due, and, upon failure to discharge these new obligations, the defendant was again adjudged in contempt. Upon appropriate proceedings, a receiver was appointed by the Superior Court to impound the assets of defendant. The court, with knowledge of the prior appointment of a receiver by the federal District Court, declined to make order for disbursement until the receiver had assets of the defendant in his possession. Further proceedings on the contempt order were postponed.
 
 
 6
 Thereupon, the District Court, based upon a 'Petition for Writ of Review (Certiorari) after Exhaustion of Remedies in the Supreme Court of the State of California' presented by the judgment debtor there, who was defendant in the state court, issued a process entitled 'Alternative Writ of Certiorari,' wherein the Superior Court of the State of California in and for the County of Los Angeles were directed and commanded that they certify and return to the United States District Court 'in the City of San Francisco, State of California, on the 25 day of November, 1957, at the hour of 2 P.M., a full, true, and complete transcript of the record and proceedings in the action' there pending against said defendant, 'to the end that the same may be received by this Court (District Court) and such action taken thereon as of right and as according to law shall be taken and done, and that you then and there have this Alternative Writ.' The Superior Court was ordered to desist from further proceeding in the matter to be reviewed and to show cause why the writ should not be made permanent.
 
 
 7
 The lawyers who represent the respective courts in this proceeding are in fact the attorneys for the various parties involved. In order to prevent unseemly conflict between tribunals of different sovereignties until disposition, this Court accepted assurances from representatives of the respective courts that no further action would be taken until disposition.
 
 
 8
 The issuance of a writ of certiorari by a federal District Court directed to a state court is unprecedented. Such process was designed to fulminate from the court of the sovereign to the inferior court of a retainer. The vivid language of the writ, 'We, Therefore, Command you that you certify and return * * *' bodies forth the mandate of an overlord to a vassal. In England, where this verbiage was wrought, the writ probably developed out of the supervisory powers of the Curia Regis. In any event, in this form it was issued by Chancery and King's Bench to the treasury, sheriffs, coroners, commissioners, escheators and itinerant justices.[1] Under the Federal Constitution, its use has been confined exclusively to the United States Supreme Court and directed to the 'inferior courts' of the federal system or to the final appellate tribunals of a state solely when a question under the paramount authority of that instrument was involved. Here no doctrine of federal supremacy is valid. The two courts have coordinate jurisdiction in the same territoria limits.[2] The federal court cannot command the state court to produce its record. The state court cannot command a federal court to produce its record.
 
 
 9
 By a clever twist, the lawyers persuaded the District Court to pronounce the theory, after the issuance of the writ and in spite of its superscription and clear language, that the process was a writ of habeas corpus. This rationalization was of no help.
 
 
 10
 The Great Writ is never directed to the court which has made the alleged offending order, but only to the custodian of the body. The command is to produce the body in court.[3] But here the judgment debtor or defendant was not in custody. His body could not have been produced in any court, except voluntarily or after arrest. The United States District Court of the Northern District of California had no jurisdiction to command anyone in the Southern District of California to produce any body in court in San Francisco.[4] If a federal question had been involved in the nonexistent detention, there was no showing that the defendant had exhausted state remedies available by asking certiorari from the Supreme Court of the United of States to the California District Court of Appeal, which had upheld the first contempt order.[5]
 
 
 11
 A federal District Court may enjoin proceedings in a state court under 28 U.S.C.A. 2283 and 11 U.S.C.A. 11, sub. a(15), 29, sub. a. Such an order is validly issued under the paramount constitutional provision relating to bankruptcies where the national courts have exclusive jurisdiction or where a res was within the prior exclusive possession of the federal court.
 
 
 12
 First, this was not a bankruptcy proceeding. Second, there was no basis for injunction here except as an aid to certiorari. As has been noticed, there was no jurisdiction to issue certiorari, and the injunction is therefore likewise void. Besides, the injunction was not in aid of the jurisdiction of the District Court and was not necessary to protect or effectuate its judgment. If anything, it was in aid of an execution issued in analogy to the state procedure. The federal District Court proceeded under the execution as if the matter were in a bankruptcy tribunal. We do not determine whether the levy of execution on the salary of the judgment debtor constituted a seizure of a res. But, when the federal court assumed to distribute to the judgment debtor a specified amount ostensibly for living expenses, it had no authority or jurisdiction to restrain a creditor suing in another forum, state or federal, from using lawful process to compel defendant to apply that sum to a valid obligation. A general assignment for the benefit of creditors is an act of bankruptcy.[6] An agreement that possession of a fund be transferred to an assignee for benefit of creditors, for disbursement among creditors where sums are also distributed to the debtor, and payments by a secured creditor in possession of part of property of a debtor to the latter are suggestive of the common law badges of frauds.
 
 
 13
 No court of general jurisdiction and no federal court outside a bankruptcy tribunal can legalize such a process even by consent of the parties. Even the officers of the bankruptcy court cannot legally make payment of sums to the debtor for living expenses. It follows that the District Court had no jurisdiction to attempt to prevent another creditor or another court from attempting to reach, by lawful process, the sums turned over to the judgment debtor, or other assets in his control, in order to apply said sums to valid obligations.[7]
 
 
 14
 It thus is clear that the District Court was importuned until it attempted to exercise power which it in no wise possessed. If the matter lay in discretion, we should have no power here to issue the mandatory writ. We accept as binding the expression of the Supreme Court of the United States:
 
 
 15
 'The traditional use of the writ (of mandamus) in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction * * *.' Roche v. Evaporated Milk Association, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185.
 
 
 16
 This Court has power to issue peremptory writs directed to the District Courts in aid of appellate jurisdiction.[8] Since there was no justification for the Alternative Writ of Certiorari, this Court has power to make the orders prayed for in this proceeding.[9]
 
 
 17
 We are assured, however, that there will be no need for drastic action and that all parties and courts involved will take steps to prevent further unseemly conflicts between tribunals which should administer law and not grasp after jurisdiction.[10] Accordingly, this Court will withhold the issuance of any order or process for the period of sixty days.
 
 
 
 [1]
 1 Holdsworth, A History of English Law (7th Ed., 1956) 32-63, 204-231; Pollock and Maitland, History of English Law (2d Ed.), Vol. I, pages 153-156, Vol. II, page 665
 
 
 [2]
 A United States District Court 'had no jurisdiction to issue writ of certiorari to another United States District Court of coordinate jurisdiction. Such a writ is directed only to inferior courts.' Stewart v. Johnston, 9 Cir., 97 F.2d 548, certiorari denied 312 U.S. 677, 61 S.Ct. 477, 85 L.Ed. 1117
 
 
 [3]
 Strand v. Schmittroth, 9 Cir., 251 F.2d 590, 602-603
 
 
 [4]
 Physical presence of a person detained within the territorial jurisdiction of the District Court is a prerequisite to filing a petition for a writ of habeas corpus. Ahrens v. Clark, 335 U.S. 188, 192-193, 68 S.Ct. 1443, 92 L.Ed. 1898
 
 
 [5]
 Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Dickson v. Castle, 9 Cir., 244 F.2d 665
 
 
 [6]
 11 U.S.C.A. 21, sub. a (4)
 
 
 [7]
 Nor does the existence of a state receivership prevent appointment of a receiver in a federal court when assets exist that are 'not involved in the state receivership (and when) those that are may at any time be relinquished to the federal receiver.' Harris v. Gurley, 5 Cir., 80 F.2d 744, 747
 
 
 [8]
 28 U.S.C.A. 1651
 
 
 [9]
 '* * * when a (District) court has no judicial power to do what it purports to do-- when its action is not mere error but usurpation of power-- the situation falls precisely within the allowable use of 262 (now 28 U.S.C.A. 1651).' De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 217, 65 S.Ct. 1130, 1133, 89 L.Ed. 1566
 
 
 [10]
 See Ex parte Chetwood, 165 U.S. 443, 17 S.Ct. 385, 41 L.Ed. 782