**Bert Kenneth KANEWSKE, Appellant,**

v.

**Paul H. NITZE, Secretary of the Navy et al., Appellees.**

**Nos. 21300, 21448.**

United States Court of Appeals
Ninth Circuit.

Sept. 26, 1967.

Lloyd McMurray, McMurray & Tepper, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellees.

Before CHAMBERS, Chief Judge, and JOHNSEN * and KOELSCH, Circuit Judges.

PER CURIAM.

These two appeals are from denials of separate habeas corpus petitions filed by a navy enlistee—the first one seeking to effect his release from the brig into which he had been put following his commission of some military-code offenses, and the second one seeking to effect his release from the imprisonment for the offenses to which he was thereafter subjected by a court martial sentence.

The grounds on which appellant predicated his claim of right to be released from the detention and be discharged from the naval service were the same in both petitions; that he had become a conscientious objector a few months after his enlistment and entry into the service; that he had made application to be discharged from the service on this basis; that the Secretary of the Navy had arbitrarily and unwarrantedly denied the application; and that the improper consideration and unwarranted denial involved as to the application had caused his enlistment tenure and armed-forces

* Harvey M. Johnson, of the Eighth Circuit, sitting by designation.

 

membership to terminate. It was his contention that he therefore was not in the navy when he committed the acts involved; that there thus could not exist any naval or court martial jurisdiction over him as to the acts; that the acts were accordingly incapable of constituting offenses or being made the subject of charges under the Uniform Code of Military Justice; and that the custody, conviction, sentence and detention to which he was being subjected on account of the acts were in consequence void.

The court martial sentence provided for punishment of 18-months imprisonment and a bad conduct discharge, and this sentence was affirmed by the court of military appeals. It has been brought to our attention that appellant has now completed the service of his sentence; that he has been unconditionally released from all naval custody and detention; and that he has been discharged from his enlistment and service status. In this situation the question of his right to relief in habeas corpus ad subjiciendum has become moot, and the appeals are therefore entitled to and will be dismissed on that basis.

Appellant seeks, however, to have us pass upon the contentions made for habeas corpus relief, as to termination of his enlistment tenure and lack of court martial jurisdiction over him from the alleged improper denial of his conscientious-objector application, in the relationship of these questions to the propriety of the bad conduct discharge issued to him.

But whatever may otherwise be the jurisdiction, if any, of a federal district court to deal with the form of discharge which has been issued to a serviceman, it is clear that at all events a form-of-discharge question, with no service custody or detention existingly attached thereto, is outside the power of habeas corpus adjudication and relief.

Under 28 U.S.C.A. § 2241(c), the writ of habeas corpus ad subjiciendum extends only to custody and detention. Fay v. Noia, 372 U.S. 391, 430–431, 83 S.Ct. 822, 844, 9 L.Ed.2d 837, has expressed the limitation as follows: "Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has power to release him. Indeed, it has no other power; it cannot revise the state court judgment [nor here that of the court martial and the court of military appeals ordering a bad conduct discharge]; it can act only on the body of the petitioner". See also Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963, the effect of which is to overrule Dickson v. Castle, 9 Cir., 244 F.2d 665, 666.

If, as appellant argues in seeking to have the appeals not dismissed, the form of his discharge is capable of some collateral consequence to him in civilian life, that matter is beside the point on the mootness of his right to seek habeas corpus determination and relief. As has been indicated, no form of naval custody or detention can be said to exist from appellant's bad conduct discharge. And with all such custody and detention being unconditionally terminated, there remains here no basis for any consideration or direction by us as to the issuance of a habeas corpus writ.

Appeals dismissed as moot.