(No. 44414.—

*In re* DOUGLAS OWENS, Respondent.—(THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DOUGLAS OWENS, Appellant.)

*Opinion filed May 26, 1972.*

PATRICK T. MURPHY, LEWIS A. WENZELL, and JOHN D. SHULLENBERGER, of the Legal Aid Bureau, Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and NICHOLAS DE JOHN, Assistant State's Attorneys, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Pursuant to the provisions of the Juvenile Court Act of this State (Ill.Rev.Stat. 1969, ch. 37, pars. 701—1 through 708—4) petitioner, 15-year-old Douglas Owens, was on November 2, 1970, committed to the Department of Corrections as a juvenile delinquent by order of the circuit court of Cook County pursuant to the statute (Ill.Rev.Stat. 1969, ch. 37, par. 705—10) which provides for appointment of the Assistant Director of Corrections, Juvenile Division, as legal custodian. Petitioner was at that time represented by the Public Defender of Cook County pursuant to court appointment. No appeal was taken from that order.

Thereafter, on a date undisclosed by this record, a petition was filed seeking, in the alternative, relief under the post-conviction hearing provisions of the Code of Criminal Procedure (Ill.Rev.Stat. 1969, ch. 38, par. 122—1 through 122—7) or a writ of *habeas corpus.* At a February 19, 1971, hearing, that petition, insofar as it sought relief under the post-conviction hearing statutes, was denied and leave given to file an amended petition for a writ of *habeas corpus.* The amended petition apparently was denied on March 10. Those petitions both alleged, as the only bases for relief, (1) that petitioner was incarcerated as a result of admitting the delinquent acts without having been apprised of the consequences of such admission, and (2) that he was never informed of his right, as an indigent, to a free appeal.

Petitioner argues here that due-process and equal-protection requirements of both Federal and State constitutions necessitate affording a juvenile, committed to what is essentially a penal institution, a means of collaterally attacking that commitment where the proceedings resulting therein involved substantial denials of constitutional rights. He further urges that acceptance by the trial court of petitioner's appointed counsel's admission of the acts of delinquency, without inquiry by the court of petitioner as to his understanding of the nature of the charge, the

possible duration of commitment, waiver of right to confront witnesses, existence of a factual basis for the admission and its voluntariness, combined with the absence of judicial explanation of the right to appeal, constituted substantial violations of his constitutional rights to equal protection and due process.

Implicit in petitioner's argument here is the concession that the provisions of the post-conviction statutes and those relating to *habeas corpus* (Ill.Rev.Stat. 1969, ch. 65, par. 21) as heretofore applied (see *e.g., People ex rel. Lewis v. Frye, 42 Ill.2d 58*) would not encompass consideration of the errors alleged to have occurred in these proceedings. He urges, however, that constitutional requirements as outlined in cases such as *Mooney v. Holohan, 294 U.S. 103, 79 L.Ed. 791, 55 S.Ct. 340; Carter v. Illinois, 329 U.S. 173, 91 L.Ed. 172, 67 S.Ct. 216; Young v. Ragen, 337 U.S. 235, 93 L.Ed. 1333, 69 S.Ct. 1073,* and *In re Gault, 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428,* require that the States provide a means whereby individuals such as petitioner may effectively present in the State courts their claims that the proceedings resulting in their loss of liberty violated Federal constitutional requirements.

We do not agree that it is necessary to consider expansion of the statutorily delineated scope of post-conviction or *habeas corpus* proceedings in order to decide this case. The claimed violations of constitutional rights in this case were reviewable on the record of the original proceedings and could have been adequately presented in that fashion. Petitioner seeks to avoid the effect of the failure to appeal on the ground that he was never informed of his right to appeal. That fact, if it is a fact, is scarcely an adequate answer, however, for our Rule 606(c) (Ill.Rev. Stat. 1969, ch. 110A, par. 606(c)) is expressly designed to permit the filing of a late notice of appeal where a motion is made and a reasonable excuse for nonfiling shown within 30 days of the expiration of the period for appeal

as of right. A further provision permits appeal within 6 months upon affidavit showing merit to the appeal and the absence of culpable negligence on the part of the would-be appellant. Petitioner concedes that the time within which a late appeal could be sought had not expired at the time the petition and amended petition now before us were filed. Petitioner cites our denial in 1970 of a motion for leave to file a late notice of appeal in *People v. Washington, No. 43762,* as justifying his failure to utilize that procedure. We cannot accept that argument. Motions for leave to file late notices of appeal are routinely allowed by this court where a showing of an arguable issue and the absence of negligence is made (see, *e.g., People v. Wilson, 50 Ill.2d 323),* and we find nothing in this case indicating any valid reason for failure to utilize this procedure.

For the reasons herein set forth the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*