**50**

David Scott KRUSE, Petitioner,

v.

Larry LACK, et al., Respondents.

Civil A. No. 3:85–1170.

United States District Court,
M.D. Tennessee,
Nashville Division.

Oct. 8, 1985.

Finding, Order and Certification
Oct. 30, 1985.

David Scott Kruse, pro se.

William Barry Wood, Asst. Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

NEESE, Senior District Judge, by designation and assignment.

This is a second *pro se* application by the petitioner Mr. David Scott Kruse for the federal writ of habeas corpus. His earlier application of January 25, 1983 in *David Scott Kruse*, petitioner, v. *Warden Ham-*by, et al., civil action no. 3:83–0075, this District and Division, was denied on March 4, 1983 for his failure to exhaust available state-remedies, *app. cert. prob. cause den.*, 6th Cir. by order of October 14, 1983 in no. 83–8531, with respect to his claim of the ineffectiveness of his trial-counsel.

Mr. Kruse claims he presented to the Criminal Court of Trousdale County, Tennessee on November 8, 1983 an application for relief under the Post-Conviction Procedure Act of Tennessee, T.C.A. §§ 40–30–101, *et seq.*, on the ground of the deprivation of his federal right to the assistance of counsel, Constitution, Sixth Amendment, Right to the Assistance of Counsel Clause, in *David Scott Kruse v. State of Tennessee*, no. 541–A–23; that he was declared an indigent and a certain lawyer was appointed to represent him therein; that appointed counsel was relieved therefrom on January 29, 1984 because of a conflict of interest; and that, despite his motion therefor, substituted-counsel has not been appointed for him. He would appear to be claiming, thus, the existence of circumstances rendering the corrective process of the state of Tennessee ineffective to protect his rights as its prisoner. 28 U.S.C. § 2254(b).

The courts of Tennessee must not " * * * close[ ] the door to *any* [as in original] consideration of a claim [of the applicant] of a denial of a federal right. * * * " *Young v. Ragen,* 337 U.S. 235, 238, 69 S.Ct. 1073, 1074 [1], 93 L.Ed. 1333 (1949). The reason substituted-counsel has not been appointed for the applicant in the state hearing-Court is not made to appear. As has been stated:

" * * * Appointment of counsel under the Post-Conviction Procedure Act [of Tennessee] is governed by TCA Sec. 40–3809 [now: T.C.A. § 40–30–109]. Under this section the trial judge of the court in which a petition is filed has certain functions to perform. He must examine the petition to determine if it has been competently drafted. He must then decide what further steps, if any, must be taken to achieve substantial justice and a full, fair hearing of all available grounds for

relief. When these judicial duties have been accomplished, then it is within his prerogative to dismiss the petition if he conclusively finds that the petitioner is entitled to no relief. * * * "

*Cureton v. Tollett,* 477 S.W.2d 233, 236 [5] (Ct.Cr.App.Tenn.1972).

Under the applicant's allegations, his application to the hearing-Court continues to pend; it would appear, accordingly, that, unless his " * * * petition fails to show an abridgement of a constitutional right * * " or that the ground or grounds the applicant stated for relief has or have been waived previously or determined previously within the meaning of T.C.A. § 40–30–112, it is necessary that substituted-counsel be appointed for the applicant. *Ib.,* 477 S.W.2d at 236 [6].

Mr. Kruse's application has now been pending for about two years; he sought relief on July 27, 1984 by way of mandamus to the hearing-judge in *David Scott Kruse,* petitioner pro se, v. *Criminal Court of Trousdale County, Hartsville, Tennessee,* and the Supreme Court of Tennessee denied relief on jurisdictional grounds; he sought relief via a claim of violation of his civil rights in this Court, which was denied.

■ " * * * [D]elay may geld state procedures so as to render the exhaustion requirement meaningless. * * * '[E]xhaustion is not required when the state procedures do not afford swift vindication.' * * * " *Shelton v. Heard,* 696 F.2d 1127, 1128–1129 [3] (5th Cir.1983); *see also Bartone v. United States,* 375 U.S. 52, 54, 84 S.Ct. 21, 22 [2], 11 L.Ed.2d 11 (1963) ("Where state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions, federal courts have no other choice but to grant relief in [a] collateral proceeding.")

The applicant continues to claim his conviction is unconstitutional federally because his trial-counsel was ineffective. "In all criminal prosecutions, the accused shall enjoy * * * the right to have the Assistance of Counsel for his defence." Constitution,

Sixth Amendment, Right to the Assistance of Counsel Clause, *supra.* The right to counsel is the right to the effective assistance of competent counsel, *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449 [10], 25 L.Ed.2d 763 (1970); " * * * inadequate counsel does not satisfy the Sixth Amendment right to counsel made applicable to the States through the Fourteenth Amendment. * * * " *Cuyler v. Sullivan,* 446 U.S. 335, 337, 100 S.Ct. 1708, 1716 [8], 64 L.Ed.2d 333 (1980).

" * * * [T]he applicant must have been represented by counsel reasonably likely to have rendered and who rendered reasonably effective assistance. * * * " *United States v. LaRiche,* 549 F.2d 1088, 1095 [1] (6th Cir.1977), *cert. den.,* 430 U.S. 987, 97 S.Ct. 1687, 52 L.Ed.2d 383 (1977). The federal right to the assistance of counsel is a fundamental part of the due process of law guaranteed by the Constitution, *Faretta v. California,* 422 U.S. 806, 818, 95 S.Ct. 2525, 2532, 25 L.Ed.2d 562 (1975), which " * * * no member of the Union may disregard. * * * " *Reece v. Georgia,* 350 U.S. 85, 90, 76 S.Ct. 167, 171, 100 L.Ed. 77 (1955).

On preliminary consideration, it appearing that the applicant may be entitled to be excused from further efforts to exhaust his state-remedies, the respondent-warden hereby is

ORDERED to show forthwith any cause he may have why this Court should not find herein the existence of circumstances which render the corrective process of Tennessee ineffective to protect the applicant's rights as a prisoner, 28 U.S.C. § 2254(b), *supra.* Rule 4, 28 U.S.C. fol. § 2254.

### FINDING, ORDER AND CERTIFICATION

■ Upon the affidavits filed by the respondents and the whole record, this Court hereby FINDS that circumstances are *not* extant which render the corrective process of the state of Tennessee ineffective to

protect the federal rights of the petitioner Mr. David Scott Kruse as its prisoner. It is patent from the face of the applicant's petition that he has not exhausted remedies available to him in the courts of Tennessee; therefore, this Court will not entertain at this time his application for the federal writ of habeas corpus. 28 U.S.C. § 2254(b).

It appears the application for post-conviction relief Mr. Kruse presented to the Criminal Court of Trousdale County, Tennessee in 1983 which now pends, *see* memorandum opinion and order to show cause of October 8, 1985 herein, has been delayed in part, at least, by the refractory attitude of the petitioner in connection with counsel who was appointed for him as an indigent by such Court of Tennessee. Other counsel has now been appointed to represent him, and hearing of his application has been expedited to November 27, 1985 in another county of the same judicial district of Tennessee.

Accordingly, on further preliminary consideration, it appears plainly to this Court from the face of the petition herein of Mr. Kruse that he is not entitled to relief in this Court at this time for the foregoing reason. Rule 4, Rules—§ 2254 Cases. Such petition hereby is

DISMISSED summarily, *id.;* and the clerk will so notify the petitioner, *id.*

Should the petitioner give timely notice of an appeal from this order, such notice will be treated also as an application for a certificate of probable cause, Rule 22(b), F.R.App.P. Because of the successive nature of this proceeding, *see* Rule 9(b), Rules —§ 2254 Cases, and of the obvious failure of the petitioner to have exhausted his available state remedies, *supra*, and his participation in the delay of the proceedings in the state court, it hereby is CERTIFIED that any such appeal would not have been taken in good faith, and the petitioner(-appellant) is NOT permitted to proceed thereon in forma pauperis, Rule 24(a), F.R. App.P.; for like reasons, no certificate of probable cause will issue, Rule 22(b), *supra.*