Appellant, Joe D'Ambrosio, is appealing the trial court's denial, without a hearing, of his petition for post-conviction relief. Appellant contends that he did not receive effective assistance of counsel for the post-conviction relief proceeding, so he should be given another opportunity to file his first motion for post-conviction relief. For the following reasons, we affirm.
Appellant was convicted of aggravated murder with prior calculation and design, aggravated felony murder, kidnaping and aggravated burglary. Appellant received the death sentence for the aggravated murder count, as well as prison terms for the other counts. This court affirmed on appeal. State v. D'Ambrosio
(Aug. 30, 1990), Cuyahoga App. No. 57448. The Ohio Supreme Court affirmed the convictions but remanded to the appeals court for an independent review of the death sentence. State v. D'Ambrosio
(1993), 67 Ohio St.3d 185. The court of appeals again affirmed the convictions and death sentence. State v. D'Ambrosio (Nov. 24, 1993), Cuyahoga App. No. 57448, unreported. The Supreme Court affirmed appellant's convictions and death sentence. State v.D'Ambrosio (1995), 73 Ohio St.3d 141.
Appellant was appointed counsel for post-conviction relief. The post-conviction relief petition asserted that appellant's counsel did not properly advise him on whether to waive a jury. Appellant argued that counsel was ineffective for failing to file a motion to suppress items obtained from appellant's home on an invalid search warrant. He claimed that counsel failed to investigate his background for the penalty phase and failed to interview available witnesses. The motion was denied because no evidence dehors the record was attached. The denial was also based on resjudicata.
Appellant's sole assignment of error states:
 THE TRIAL COURT'S DISMISSAL OF APPELLANT'S POST-CONVICTION PROCEEDING MUST BE REVERSED AND APPELLANT'S CASE REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS THAT QUALIFIED COUNSEL BE APPOINTED AND THAT APPELLANT BE GRANTED SUFFICIENT TIME AND RESOURCES TO FILE A PROPERLY SUPPORTED POST-CONVICTION PETITION IN ORDER TO PRESERVE APPELLANT'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I §§ 10 AND 16 OF THE OHIO CONSTITUTION.
There is no due process right to appointed counsel for death penalty post-conviction relief proceedings. Murray v. Giarratano
(1989), 492 U.S. 1, 106 L.Ed.2d 1, 109 S.Ct. 2765. In a post-conviction proceeding, the defendant has only the rights granted by the legislature. State v. Moore (1994), 99 Ohio App.3d 748
. Ohio statutory law provides that an indigent defendant who received the death penalty is entitled to appointed counsel for filing a motion for post-conviction relief. R.C. 2953.21(I)(1). The appointed counsel must be certified to represent defendants charged with death penalty offenses under Rule 65 of the Rules of Superintendence for Courts for Common Pleas. R.C. 2953.21(I) (2). The statute prohibits an appeal of the denial of a post-conviction relief based upon ineffective assistance of counsel, even where counsel is appointed in a death penalty case. The statute states:
 The ineffectiveness or incompetence of counsel during proceedings under this section does not constitute grounds for relief in a proceeding under this section, in an appeal of any action under this section, or in an application to reopen a direct appeal.
R.C. 2953.21(I)(2).
Appellant asserts that once the statute provides the right to appointed counsel, due process requires that the counsel must be effective. A civil litigant in a post-conviction relief proceeding has no due process right to effective assistance of counsel, even in a death penalty case. State v. Scudder (Dec. 3, 1998), Franklin App. No. 97APA12-1642, unreported; State v. Wren
(Aug. 12, 1997), Richland App. No. 97-CA-19, unreported; State v.Haliym (March 12, 1998), Cuyahoga App. No. 72411, unreported.
Appellant cites a decision from the Hamilton County Court of Appeals which remanded the case to the trial court to rule upon the defendant's motion to strike his post-conviction petition, appoint counsel, and allow more time for filing a revised petition. State v. Hasan (Aug. 14, 1998), Hamilton App. No. C-980154, unreported. It is unknown how the trial court decided this issue. See State v. Hasan (Mar. 26, 1999), Hamilton App. No. C-980154, unreported. This case does not support the proposition that there is a viable claim for ineffective assistance of counsel on a post-conviction relief motion.
Appellant asserts he is denied a meaningful corrective process. See Young v. Ragen (1949), 337 U.S. 235, 239, 69 S.Ct. 1073,93 L.Ed. 1333. Appellant can file a second petition for post-conviction relief. R.C. 2953.23. Appellant must show he was unavoidably prevented from discovering the facts dehors the record and must show by clear and convincing evidence that, but for the constitutional error, no reasonable finder of fact would find appellant guilty and/or sentence him to death. R.C. 2953.23. Appellant asserts that this section offers him no relief because the statute says that ineffective assistance of counsel can not be a grounds for relief in a post-conviction proceeding pursuant to R.C. 2953.21. That appellant was unavoidably prevented from discovering facts dehors the record is a different grounds than a claim of ineffective assistance of counsel. Although a second post-conviction proceeding imposes a stricter standard of clear and convincing evidence, it is still a meaningful corrective process. In addition to filing a second petition for post-conviction relief, appellant may have a remedy in federal habeas corpus. See Lawrence v. Armontrout (C.A. 8 1990),900 F.2d 127.
In conclusion, appellant does not have a due process right to effective assistance of counsel on a motion for post-conviction relief.
Accordingly, appellant's assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, J., CONCURS, KILPANE, J., DISSENTS.
________________________ ANN DYKE, PRESIDING JUDGE