DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Scott Snyder, who was adjudicated a delinquent child by the Highland County Court of Common Pleas, Juvenile Division, appeals that court's dismissal of his petition for post-conviction relief. The juvenile court found that appellant's motion for post-conviction relief was untimely filed and dismissed it on that basis. Appellant asserts that the dismissal was erroneous.
 {¶ 2} For the following reasons, we disagree with appellant and affirm the judgment of the juvenile court.
 Facts and Proceedings {¶ 3} On November 30, 1999, appellant Scott Snyder, a minor child, and his parents appeared for a pre-trial hearing on six different cases. No transcript of this hearing was submitted to this Court because the audiotapes upon which the recording was made were inaudible, rendering it impossible for the court reporter to make a transcript of the hearing. Apparently, counsel informed the juvenile court that an agreement had been reached between the parties. Two of the cases were dismissed and appellant admitted to the truth of several counts in the remaining cases.
 {¶ 4} Appellant admitted that he committed the following acts which would be crimes if he were an adult: two counts of grand theft of a motor vehicle, breaking and entering, criminal damaging, burglary (felony of the second degree), misdemeanor theft, burglary (felony of the third degree), and receiving stolen property. Based on appellant's admissions, the juvenile court found appellant to be a delinquent child.
 {¶ 5} Following the adjudication of appellant, he and his parents requested, upon counsel's advice, that the juvenile court proceed directly to the dispositional phase of appellant's case. No agreement regarding disposition had been reached between the parties, and each attorney was given an opportunity to address the juvenile court regarding appellant's disposition.
 {¶ 6} The juvenile court ordered that appellant be committed to the custody of the Ohio Department of Youth Services (ODYS) for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed appellant's attainment of age twenty-one on the delinquency count of burglary. On the remaining five counts, the court ordered appellant committed to ODYS's custody for a minimum period of six months and a maximum period not to exceed his attainment of age twenty-one. Further, the court ordered all six counts to run consecutively for a minimum sentence of three and one-half years and a maximum period not to exceed appellant's twenty-first birthday.
 {¶ 7} Appellant filed a timely appeal from the entry committing him to the custody of ODYS. He argued ineffective assistance of counsel in his sole assignment of error. This court refused to address the merits of appellant's assignment of error because it raised issues that were beyond the scope of the record, especially in light of the lack of a transcript of the November 30, 1999 hearing. See In re Snyder, Highland App. No. 99CA27, 2000-Ohio-1983.
 {¶ 8} Nearly six months following our remand, on April 30, 2001, appellant filed a motion for post-conviction relief, claiming ineffective assistance of counsel. He also sought an evidentiary hearing on his motion. The state filed a motion to dismiss appellant's motion for post-conviction relief on the basis that it was not timely filed. Appellant responded with a memorandum in opposition to the state's motion to dismiss. The juvenile court, agreeing with the state's position, dismissed appellant's motion for post-conviction relief as being untimely, pursuant to R.C. 2953.21(A)(2).
 The Appeal {¶ 9} Appellant timely filed his notice of appeal and presents the following assignment of error for our review.
 {¶ 10} "The trial court erred in finding the appellant's time to file a motion for post conviction relief had expired pursuant to R.C. 2953.21."
 {¶ 11} Appellant argues that the juvenile court erroneously dismissed his motion for post-conviction relief for being time-barred pursuant to R.C. 2953.21.
 {¶ 12} Appellant argues that his motion was not time-barred on four distinct grounds: (1) the time period to file his motion should have commenced the day this Court filed its decision in appellant's first direct appeal; (2) the time limitations contained in R.C. 2953.21 violate his equal protection and due process rights because he is a minor; (3) the time period for filing his motion should have been tolled while he was a minor pursuant to R.C. 2305.16; and, (4) the time limits in R.C.2953.21 violate Juv.R. 3. We address each argument in turn.
 I. Time Limitations for Post-Conviction Relief {¶ 13} The Supreme Court of Ohio established that where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21. See State v.Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131; State v.Sabo, Athens App. No. 01CA2, 2001-Ohio-2393.
 {¶ 14} In Ohio, post-conviction relief is a quasi-civil proceeding. See State v. Nichols (1984), 11 Ohio St.3d 40, 41-42,463 N.E.2d 375. "Since a postconviction proceeding is a collateral attack on a civil judgment, the trial court has the same discretion to deny relief as in any other civil post-judgment motion." State v. Apanovitch
(1995), 107 Ohio App.3d 82, 87, 667 N.E.2d 1041; see, also, State v.Steffen, 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67; State v.Kachovee, Scioto App. No. 00CA2745, 2001-Ohio-2382.
 {¶ 15} However, a trial court's discretion in granting post-conviction relief has been limited by R.C. 2953.21. See State v.Haddix (Nov. 15, 1999), Stark App. No. 1999CA00227; State v. Beaver
(1998), 131 Ohio App.3d 458, 722 N.E.2d 1046. Prior to the amendments enacted by the legislature in 1995, R.C. 2953.21 provided no time limitation within which a motion for post-conviction relief needed to be filed. See State v. Schulte (1997), 118 Ohio App.3d 184, 186,692 N.E.2d 237.
 {¶ 16} R.C. 2953.21, in its current form, provides in pertinent part:
 {¶ 17} "(A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 18} "(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(1) and (2).
 {¶ 19} Thus, in a case where a direct appeal is taken, a defendant has one hundred eighty days from the date on which the trial transcript was filed in the court of appeals to file his petition for post-conviction relief. See R.C. 2953.21(A)(2).
 {¶ 20} In the case sub judice, the record in the first appeal was transmitted to this Court on February 8, 2000, without a transcript. Since the recording mechanism used to enable the court reporter to transcribe appellant's adjudicatory and dispositional hearings failed, the parties filed an App.R. 9(C) statement. This Court granted appellant's motion to supplement the record with the App.R. 9(C) statement on March 27, 2000.
 {¶ 21} Accordingly, the issue presented is whether the time limitations found in R.C. 2953.21(A)(2) apply in a case where a direct appeal is taken and no trial transcript is filed in the court of appeals. Additionally, if the time limitation does apply, we must establish from what date the time period for filing for post-conviction relief should be determined.
 A. Applicability of Time Limits {¶ 22} It is apparent from the legislature's amendments to R.C.2953.21 that it intended to constrict the time period during which petitions for post-conviction relief could be filed by a defendant and heard by the trial court. In addition to the one-hundred-eighty-day limitation in R.C. 2953.21, R.C. 2953.23 provides that "a court may not entertain a petition filed after the period prescribed in [R.C.2953.21(A)(2)]." R.C. 2953.23(A). R.C. 2953.23 does provide exceptions to the proscription preventing the court from entertaining an untimely motion for post-conviction relief, but a cursory review of those exceptions establishes that they do not apply in the present case. See R.C. 2953.23; see, also, State v. Scott, 92 Ohio St.3d 1, 2001-Ohio-148,748 N.E.2d 11 (Cook, J., concurring). We also note that appellant does not argue that any of the exceptions apply in his case.
 {¶ 23} Based on our review of the statute, it is apparent that the legislature intended for this statute to apply to "[a]ny person who has been convicted of a criminal offense or adjudicated a delinquent child." R.C. 2953.21(A). Thus, the statute and the time limitations contained therein apply to appellant. See State v. Reynolds, 79 Ohio St.3d 158,1997-Ohio-304, 679 N.E.2d 1131; Sabo, supra.
 B. The Date From Which the Filing Time Runs {¶ 24} Appellant asserts that, in his case, the one-hundred-eighty-day time limitation should have begun to run the day this Court rendered its decision on his direct appeal, November 6, 2000. Using this date as the commencement date for the running of the one-hundred-eighty-day time period, appellant contends that his motion was timely because it was filed within one hundred eighty days of our decision. Appellant has provided no authority or analysis to support this position.
 {¶ 25} R.C. 2953.21(A)(2) provides that where a direct appeal has been taken, a defendant has one hundred eighty days from the date on which the trial transcript is filed with the court of appeals to file his or her motion for post-conviction relief. The legislature could have very easily chosen to use the date asserted by appellant in cases where a direct appeal had been taken. However, the legislature chose to use the date on which the trial transcript was filed with the court of appeals to commence the period for filing for post-conviction relief; thus, potentially forcing a defendant to file his or her motion for post-conviction relief even while his or her direct appeal is pending. See R.C. 2953.21. Thus, we are unconvinced by appellant's argument.
 {¶ 26} In this case, a statement pursuant to App.R. 9(C) was filed in lieu of a transcript because of the failure of the recording device and the resulting lack of a transcript. On February 28, 2000, the trial court filed the App.R. 9(C) statement. The statement then became a part of the record when this Court granted appellant's motion to supplement the record with the App.R. 9(C) statement on March 27, 2000.
 {¶ 27} We "find the General Assembly's very strong intent to limit the time in which postconviction actions may be filed must control our decision here." State v. Fields (1999), 136 Ohio App.3d 393, 397,736 N.E.2d 933. In keeping with the spirit and intent of R.C. 2953.21, we find March 27, 2000, the date the App.R. 9(C) statement was filed with this Court in lieu of a transcript, to be the date which commenced the running of appellant's time to file his motion for post-conviction relief.
 {¶ 28} The only other possible interpretation of R.C. 2953.21(A)(2) would be that, since appellant filed a direct appeal and no transcript was filed in this Court, the time limitation never began to run. This interpretation defies the intent of the statute and is clearly unreasonable.
 {¶ 29} Accordingly, appellant had one hundred eighty days from March 27, 2000, to file his motion for post conviction relief. In the case sub judice, appellant filed his motion for post-conviction relief on April 30, 2001, more than one year after the filing of the App.R. 9(C) statement with this Court.
 {¶ 30} Thus, appellant's motion was untimely, and the juvenile court properly dismissed his motion.
 II. Equal Protection and Due Process {¶ 31} Appellant's second argument appears to be of a constitutional nature. In his brief before this Court, appellant states:
 {¶ 32} "Second, it is the position of Appellant that to apply the time limit set forth in Section 2953.21(A)(2) to him when he was adjudicated while still a minor violates his right to equal protection of the laws and due process of the law. Of course, said rights are made applicable to state action by the Fourteenth Amendment to the United States Constitution."
 {¶ 33} This is appellant's argument regarding the alleged violation of his constitutional rights in its entirety.
 {¶ 34} Appellant fails to cite any authority regarding this argument. Additionally, appellant fails to provide any legal analysis showing how his equal protection and due process rights are violated through the application of the time limits found in R.C. 2953.21(A)(2).
 {¶ 35} We refuse to speculate as to the basis of appellant's argument. Appellant bears the responsibility and duty to provide "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7).
 {¶ 36} Should appellant choose not to articulate his argument, this Court will not do so for him. App.R. 12(A)(2) states that, "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2); see, generally, Hawley v. Ritley (1988), 35 Ohio St.3d 157, 519 N.E.2d 390
(explaining that an appellate court may rely upon App.R. 12(A) in disregarding an argument because the appellant failed to adequately brief the argument); accord Early v. Toledo Blade (1998), 130 Ohio App.3d 302,720 N.E.2d 107.
 {¶ 37} Therefore, we reject appellant's second argument.
 III. R.C. 2305.16: Tolling of Statutes of Limitations {¶ 38} Appellant also argues that because motions for post-conviction relief are civil in nature that the time limitations provided by R.C. 2953.21 should be tolled while an individual adjudicated a delinquent child is a minor, pursuant to R.C. 2305.16.
 {¶ 39} R.C. 2305.16 provides that the statutes of limitation for certain enumerated causes of action are tolled during the time that the person entitled to bring one of those actions is of an "unsound mind" or a minor. See R.C. 2305.16. By their own terms, these tolling provisions do not apply to motions for post-conviction relief. See id.; State v.Howard (May 20, 1999), Cuyahoga App. No. 74103 (holding that R.C. 2305.16
does not apply to motions for post-conviction relief brought by a defendant claiming to be of "unsound mind").
 {¶ 40} Furthermore, R.C. 2953.21 applies, by its terms, to "any person * * * adjudicated a delinquent child." By definition, a person adjudicated a delinquent child will be a minor. See R.C. 2152.02(C) and (F). Thus, by its own terms, R.C. 2953.21 applies to minors adjudicated a delinquent child, and the tolling provision does not apply.
 {¶ 41} Accordingly, we reject appellant's third argument.
 IV. Juv.R. 3 {¶ 42} Finally, appellant argues that the application of R.C.2953.21(A)(2) violates Juv.R. 3.
 {¶ 43} Juv.R. 3 provides that, "A child's right to be represented by counsel at a hearing conducted pursuant to Juv.R. 30 may not be waived. Other rights of a child may be waived with the permission of thecourt." (Emphasis added.) Juv.R. 3. Appellant asserts that his right to file a motion for post-conviction relief was essentially waived, without the permission of the juvenile court, when the time to file the motion lapsed.
 {¶ 44} "It bears emphasis that state postconviction review is not a constitutional right. [State v. Steffen, 70 Ohio St.3d 399, 410,1994-Ohio-111, 639 N.E.2d 67.] The states are free to adopt their own postconviction procedures. Young v. Ragen (1949), 337 U.S. 235, 237,69 S.Ct. 1073 . Thus, in a postconviction proceeding, the convicted defendant has only the rights granted by the legislature. See, e.g.,State v. Crowder (1991), 60 Ohio St.3d 151, 573 N.E.2d 652, paragraph one of the syllabus * * *; Dayton v. Hill (1970), 21 Ohio St.2d 125, ,256 N.E.2d 194 * * *." State v. Moore (1994), 99 Ohio App.3d 748, 751,651 N.E.2d 1319, appeal dismissed 72 Ohio St.3d 1526, 649 N.E.2d 836.
 {¶ 45} Since appellant has no constitutional right to post-conviction relief, and the legislature has provided a time limitation for filing petitions for post-conviction relief, the trial court did not violate Juv.R. 3 by dismissing his motion as untimely filed. To agree with appellant's position would require a minor who had been adjudicated a delinquent child to seek the juvenile court's permission to not file a motion for post-conviction relief. Such a ruling would be nonsensical.
 {¶ 46} Accordingly, the trial court did not err by dismissing appellant's motion on the basis that it was untimely filed. Therefore, appellant's sole assignment of error is overruled and the judgment of the juvenile court is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the HIGHLAND COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION,
to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, J.: Concur in Judgment Only.