In re Estate of Morgan.

[Cite as In re Estate of Morgan (1981), 65 Ohio St. 2d 101.]

(No. 80-786—Decided March 31, 1981.)

*Messrs. Metz, Bailey, Norris & Spicer* and *Mr. Francis S. Bailey,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellant.

CLIFFORD F. BROWN, J.   This case raises the question whether interest charged on late payment of Ohio estate tax is deductible from the gross estate of decedent. To decide the matter, reference must be made to R. C. 5731.16[1] which provides for certain deductions from the value of the gross estate. Subdivision (A)(2) specifies that administration expenses may be deducted. Division (D) states that various taxes accruing after the death of the decedent, although incurred in the administration of the estate, may not be deducted. We must determine whether interest charged on late payment of estate tax pursuant to R. C. 5731.23[2] is properly deducted as an administration expense under R. C. 5731.16(A)(2) or treated as a nondeductible tax pursuant to R. C. 5731.16(D).

To guide our decision, we note that earlier Ohio tax cases establish that deductions will not be implied from statutory language. Only those deductions expressly provided for by statute will be allowed. *Westinghouse* v. *Lindley* (1979), 58 Ohio St. 2d 137; *Beckwith & Assoc.* v. *Kosydar* (1977), 49 Ohio St. 2d 277; *Kroger Co.* v. *Bowers* (1965), 3 Ohio St. 2d 76. In this case, the relevant statute allows deductions for "administration expenses" without specifying what such expenses may include. It is clear from division (D) of the section that deductible expenses do not include taxes, but it is equally clear that interest on a tax is not the same thing as the tax itself. *Estate of Bahr* v. *Commissioner* (1977), 68 T. C. 74; *Pearson* v. *Commissioner* (1944), 4 T. C. 218, affirmed, 154 F. 2d 256

---

[1] R. C. 5731.16 provides, in pertinent part:

"(A) For purposes of the tax levied by section 5731.01 of the Revised Code, the value of the taxable estate shall be determined by deducting from the value of the gross estate amounts for:

"* * *

"(2) Administration expenses,* * *to the extent that such expenses have been or will be actually paid;

"* * *

"(D) Any income taxes on income received after the death of the decedent, or property taxes not accrued before his death, or any estate, succession, legacy or inheritance taxes shall not be deductible under this section."

[2] R. C. 5731.23 provides, in pertinent part:

"* * *If any amount of tax levied by section 5731.02 or division (A) of section 5731.19 of the Revised Code is not paid on or before nine months from the date of decedent's death, interest on such amount at the rate of six per cent per annum shall be paid for the period from such date to the date paid.* * *"

(C.A. 3, 1946); *Penrose* v. *United States* (E.D. Pa. 1937) 18 F. Supp. 413; *Capital Building & Loan Association* v. *Commissioner* (1931), 23 B.T.A. 848. The section authorizing interest charges on late payments states that such interest "shall be charged and collected in the same manner as the tax." R. C. 5731.23. It appears then that the General Assembly has not clearly mandated whether interest is treated as an administration expense or a tax. Where the language of the statute, as here, is ambiguous, R. C. 1.49[3] sets forth the test to aid the courts in interpreting that language.

Examining the Ohio statute at issue here reveals remarkable congruities with the federal estate tax provisions. R. C. 5731.16(A)(2) finds its counterpart in Section 2053(a)(2), Title 26, U. S. Code.[4] Both use nearly identical language to describe the deductibility of administration expenses. Similarly, R. C. 5731.16(D) parallels Section 2053(c)(1)(B), Title 26, U. S. Code,[5] in disallowing deductions for taxes accruing after death. This congruity arises from the conscious modelling of the Ohio provisions on federal estate tax law. See Glander, The New Ohio Estate Tax, 29 Ohio St. L. J. 849; Boehm, Selected Divergencies in the Ohio and Federal Estate Tax Pattern, 7 Cap. U. L. Rev. 193. Since the General Assembly borrowed

---

[3] R. C. 1.49 provides:

"If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

"(A) The object sought to be attained;

"(B) The circumstances under which the statute was enacted;

"(C) The legislative history;

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction;

"(F) The administrative construction of the statute."

[4] Section 2053 provides:

"(a) For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts - -

"****

"(2) for administration expenses,***"

[5] Section 2053(c)(1)(B) provides:

"Any income taxes on income received after the death of the decedent, or property taxes not accrued before his death, or any estate, succession, legacy, or inheritance taxes, shall not be deductible under this section."

substantial portions of the federal estate tax structure, constructions of the federal provisions should be given great weight in interpreting the comparable Ohio sections. See *Schneider* v. *Laffoon* (1965), 4 Ohio St. 2d 89, 96.

The issue before this court was previously raised at the federal level in *Estate of Bahr, supra.* That case held that interest is properly considered a deductible administration expense. The Internal Revenue Service subsequently issued Rev. Rul. 78-125 which follows the decision of *Estate of Bahr* and authorizes deduction of interest from the value of the gross estate. See, also, *Estate of Buchholtz* v. *Commissioner* (1978), 70 T.C. 814. Given the deductibility of this item at the federal level, and the use of the federal provisions as a model for the Ohio Estate Tax law, we hold that R. C. 5731.16(A)(2) authorizes the deduction of interest charged for late payment of Ohio estate tax from the value of the gross estate, thereby reducing estate tax liability.[6]

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., COOK, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting for W. BROWN, J.

---

[6] This result is equitable, since interest on loans secured to pay the tax is also deductible as an administration expense. This construction will treat interest charged by the state in a manner identical to interest charged by a private lender. We reach this result cognizant of the fact that now the Tax Commissioner must recalculate the total estate tax liability after determining interest due. This recalculation, however, is not such an onerous burden that it can outweigh an express statutory entitlement to deduct administration expenses from total estate tax liability.