MARTINS FERRY JAYCEE HOUSING, INC., APPELLEE, *v.* PAWLACZYK ET AL., APPELLANTS.

(No. 81-B-17—Decided February 9, 1982.)

*Mr. Ronald E. Antill,* for appellee.
*Ms. Gail D. Patrick,* for appellants.

DONOFRIO, J. Appeal from the County Court, Northern Division, Belmont County, of a forcible entry and detainer action, from a judgment of the county court dated April 13, 1981, which restored leased premises to the landlord, plaintiff-appellee, Martins Ferry Jaycee Housing, Inc., after defendants-

appellants, Charles J. and Beverly A. Pawlaczyk, were found to have defaulted in rent payments.

Appellants answered appellee's complaint and counterclaimed, denying the allegation of nonpayment and also alleging a violation of R.C. 5321.04. In addition to ordering restitution of the premises, the court decided that a violation of R.C. 5321.04, pertaining to the habitable condition of leased premises, could not be asserted as a defense in the action for restitution since the appellants-tenants had not placed their rent in escrow with the court pursuant to R.C. 5321.07 through 5321.10. The lower court further held that the appellants, who admitted nonpayment of rent for the previous five months and who had been served with notice to vacate, could not present evidence of the condition of the apartment as a defense to the action for restitution, but could only present such evidence in support of their counterclaim.

Subsequently, on May 12, 1981, at the hearing on damages and the counterclaim, judgment was rendered for appellee in the amount of $395 and for the appellants on their counterclaim in the amount of $125. Appellants vacated the premises.

Appellants set forth one assignment of error, stating:

"The trial court erred in refusing to allow these tenants to assert as a defense to an eviction, their landlord's violations of Section 5321.04, O.R.C."

At the hearing, appellants admitted to the following through their own testimony:

1. Appellants entered into a written lease for low income subsidized housing.

2. Appellants' share of rent was $79 per month.

3. Appellants had not paid rent in the past five months.

4. Appellants were properly served with notice to vacate by appellee.

Appellants had not deposited any rent into the court prior to the hearing on March 31, 1981.

The lower court held that because the appellants had not deposited any rent into the court or to the landlord prior to the hearing on March 31, 1981, they were permitted only to raise certain defenses concerning the nonpayment of rent, and were not allowed to present evidence on the condition of the premises. The latter evidence was held to be relevant only to the appellants' counterclaim which had been continued at their request.

Under their assignment of error appellants argue that the obligation to pay rent and the obligation to provide for habitable housing are mutually dependent covenants rather than independent obligations.

This issue was answered in the case of *Smith* v. *Wright* (1979), 65 Ohio App. 2d 101 [19 O.O.3d 301], in which the Court of Appeals for Cuyahoga County stated at page 107:

"* * * It should be noted that the traditional defenses to an eviction proceeding for the non-payment of rent are all founded *on the payment of rent* under a rental agreement or possession pursuant to a contract of sale. Furthermore, * * * the two newly created statutory defenses to an eviction action are also available only to a tenant who is not in default in his rental payments."

Further, at page 108, the court stated that:

"* * * we do not find that the unfit condition of residential premises, in and of itself, is a matter of *defense* in a claim for forcible entry and detainer, * * *.

"* * *

"* * * The Act does not create a right for a tenant to remain in possession without paying his rent, either to his landlord or into court, which presumably will protect any right the landlord has in those funds. The Act * * * does not create a right for a tenant to live rent-free or to determine on his own the actual rental

value of the premises as opposed to the agreed rental."

The court then stated its conclusion of law, at page 109, of the opinion, as follows:

"Therefore, in an action for forcible entry and detainer to determine the landlord's right to possession of the premises, the unfit condition of those premises can be in issue only if the tenant is *current in his rental payments* having paid them either directly to his landlord or having deposited them into court." (Emphasis added.)

The court went on to state that the trial court properly excluded evidence of the unfit condition of the premises in the eviction proceedings where the defendant had admitted he was in default of his rental payments, and further, that he had not deposited his rent into court, and where the court in its discretion had not ordered him to do so.

The facts in *Smith* v. *Wright, supra,* are identical to the fact situation in the instant case. Therefore, we find that the trial court in the instant case properly excluded any evidence concerning the condition of the premises due to the fact that the appellants in the instant case admitted they were not current in their rental payments, had not paid any rent in five months, and had not made any escrowed rental payments to the court.

We recognize the fact that there may be unscrupulous landlords as well as unscrupulous tenants. However, the Landlord-Tenant Act does create many new rights and remedies for tenants. There must be a reasonable balance in protecting the landlords' rights as well as those of the tenants. The requirement of a tenant to place his rental payment in escrow with the court should not create any additional burdens upon him, if he is truly sincere in his allegation as to the unfit condition of the premises. Failing to deposit the amount of the rent payments, the tenant still has the right to pursue his action as a counterclaim and not as a defense to the eviction. The legislature did not intend to destroy the right of landlords to quickly regain possession of their property when a tenant wrongfully detains possession, the vehicle for this right being an action in forcible entry and detainer. This was proper in the light of R.C. 1923.081 and the Ohio Supreme Court's recent decision in *Housing Authority* v. *Jackson* (1981), 67 Ohio St. 2d 129 [21 O.O.3d 81], wherein the court, at pages 130-131, stated that:

"Forcible entry and detainer, as authorized in R.C. Chapter 1923, is a summary proceeding * * * intended to affect only the question of the present right to possess real property."

By stating such, the court held that:

"The purpose of the forcible entry and detainer statutes is to provide a summary, extraordinary, and speedy method for the recovery of the possession of real estate * * *." 24 Ohio Jurisprudence 2d 455, Forcible Entry and Detainer, Section 2.

We, therefore, do not find that the trial court erred in its determination and we overrule the appellants' assignment of error and, accordingly, affirm the judgment of the trial court.

*Judgment affirmed.*

O'NEILL, P.J., and GORMAN, J., concur.

GORMAN, J., of the Hamilton County Court of Common Pleas, was assigned to the Seventh Appellate District pursuant to Section 5(A)(3), Article IV, Constitution.