[Civ. No. 29513. Fourth Dist., Div. Two. Feb. 3, 1984.]

Estate of MARIE COUDURES, Deceased.
KENNETH CORY, as State Controller, Petitioner and Respondent, v.
JOHN M. COUDURES, as Executor, etc., Objector and Appellant.

COUNSEL

Alan D. Pauw and John E. Mohoroski for Objector and Appellant.

Myron Siedorf, Margaret Groscup and Phyllis K. Fairbanks for Petitioner and Respondent.

OPINION

**MORRIS, P. J.**—Executor John Coudures has appealed from an order affirming the report of the inheritance tax referee. Affirmed.

Coudures, as executor of the will of his mother, Marie Coudures, elected to pay the federal estate tax pursuant to section 6166 of the Internal Revenue Code. Section 6166 allows installment payments on the portion of the estate tax attributable to interests in farming and closely held businesses. At the time of these proceedings Revenue and Taxation Code section 14105 (repealed June 8, 1982, by Stats. 1982, ch. 1535, § 14, p. 5974) allowed a similar deferment of state inheritance taxes. However, a section 14105 election was not made in this case.

The total estate tax was determined to be $954,592.93. The Department of the Treasury determined the amount deferred under Internal Revenue Code section 6166a to be $824,611.24. Annual interest payments on this amount commenced on March 7, 1980 and continue until March 7, 1984. At that time, the annual instalments, together with accrued interest, become due.

 The report of the inheritance tax referee for the state did not allow the interest paid on the estate tax as a deduction in determining the clear market value of the property. The referee reported the inheritance tax due to the state to be $272,435. The executor has paid $225,000 against this tax.

The executor filed objections to the report of the referee contending that the amount of interest paid on federal estate tax and any interest which may

be assessed on California inheritance tax should be allowed as a deduction. The trial court overruled the objections, confirmed the report of the referee and fixed the inheritance tax at $272,435. Executor has appealed from that order.

Revenue and Taxation Code section 13988 (repealed June 8, 1982 by Stats. 1982, ch. 1535, § 14, but in effect at all times pertinent herein) states: "The ordinary expenses of administration in the estate of any decedent are deductible from the appraised value of property included in any transfer subject to this part made by the decedent.

"Included in 'ordinary expenses of administration' are the following:

"(a) The ordinary commissions allowed executors and administrators under Section 901 of the Probate Code, computed on the value of the decedent's estate as of the date of the decedent's death.

"(b) The ordinary fees allowed attorneys for executors and administrators under Section 910 of the Probate Code, computed on the value of the decedent's estate as of the date of the decedent's death.

"(c) Any fees and expenses paid to the inheritance tax referee under this part out of the property transferred or by the transferee."

The executor contends that "ordinary expenses of administration" include interest paid on the tax liability of an estate. The interest is deductible at the federal level. The executor contends the inheritance tax referee erred in not allowing it as a deduction at the state level.

Respondent contends that the interest paid on deferred estate tax is not an administrative expense at all, but rather a "debt due the United States" under Probate Code section 950, and that, since the payment of interest may survive the termination of administration, interest payments cannot be expenses of administration.

■ Expenses of administration have been defined as any charges necessary and proper to preserve the estate. (*Gurnee* v. *Maloney* (1869) 38 Cal. 85, 87; *Estate of Sharp* (1971) 18 Cal.App.3d 565, 581 [95 Cal.Rptr. 816].) The major portion of Marie Coudures' estate consisted of interests in farming and closely held businesses; assets in a nonliquid position. Absent the deferred payment election, the executor would have been forced to try to sell an interest in a family business or farm to pay the taxes. ■ The executor incurred the interest expense in order to preserve the estate. The interest is, therefore, an expense of administration.

Respondent next contends that if interest on death taxes is an expense of administration, it is not an ordinary expense deductible under Revenue and Taxation Code section 13988. Section 13988 provides that the ordinary commissions allowed executors and administrators, and the fees allowed attorneys and the tax referee are "included in" ordinary expenses of administration. Respondent argues that, because deductions are to be narrowly construed, this list operates as a limitation on what is included in "ordinary" expenses.

· The executor contends that the terms "included in" or "including" are normally used as words of enlargement and not of limitation. Executor cites *Koenig* v. *Johnson* (1945) 71 Cal.App.2d 739 [163 P.2d 746].) The *Koenig* court did give an expansive meaning to the word "include." However, the *Koenig* court, and the cases cited in its decision, used an expansive interpretation to prevent the parties from escaping a tax liability. (See, e.g., *Peerless Carbon Black Co.* v. *Sheppard* (Tex.Civ.App. 1938) 113 S.W.2d 996.) The *Koenig* court specifically noted it gave a liberal construction to the word "include" to prevent the evasion of the provisions of the statute. When an expansive definition would not serve that purpose, it is not warranted. ▮ The rule of strict statutory construction operates in favor of the state in the case of deductions. (*Estate of Giolitti* (1972) 26 Cal.App.3d 327, 331 [103 Cal.Rptr. 38, 56 A.L.R.3d 1307].)

▮ Section 13988 clearly states *ordinary* expenses of administration are deductible. It includes ordinary commissions and ordinary fees computed under the Probate Code on the value of the decedent's estate as ordinary expenses. (*Estate of Desmond* (1973) 34 Cal.App.3d 139, 144 [109 Cal.Rptr. 50].) Ordinary means "Regular, usual . . . not characterized by peculiar or unusual circumstances . . . ." (Black's Law Dict. (rev. 4th ed.)) The deferred payment election is available only in those cases where a portion of the estate tax due is attributable to interests in farming or closely held, family businesses. The interest paid on this type of tax obligation is not a usual consequence of incurring estate tax liability. ▮ Therefore, although such interest is an expense of administration, it is not an "ordinary" expense.

Except for those extraordinary expenses expressly listed in Revenue and Taxation Code section 13988.1, i.e., fees paid for determination of tax, to establish the death of a decedent and fees paid for extraordinary services performed in preparation of estate, inheritance or income tax returns, extraordinary expenses are not deductible (Cal. Admin. Code, tit. 18, § 13988.6). Interest paid on estate tax is deductible from the total federal estate tax (*Estate of James S. Todd, Jr.* (1971) 57 T.C. 288, 294-296; *Estate of Bahr* v. *Commissioner* (1977) 68 T.C. 74, 83), and the Ohio court has

found interest paid on Ohio estate tax is deductible as an expense of administration (*In re Estate of Morgan* (1981) 65 Ohio St.2d 101 [19 Ohio Ops.3d 301, 419 N.E.2d 2]). However, neither statute limits deductible expenses to "ordinary" expenses. The Ohio statute allows deductions for "administrative expenses." (Ohio Rev.Code Ann., § 5731.16(A)(2).) The Internal Revenue Code allows deductions for administrative "expenses actually and necessarily incurred" in preserving the estate. (Int.Rev. Code, § 2053, 26 C.F.R. § 20.2053-3 (1982).)

■ However, allowable deductions are not necessarily those amounts properly paid out by the estate. (*Estate of Desmond, supra,* 34 Cal.App.3d at p. 144.) What may be deducted from the value of the estate for inheritance tax purposes is determined by statute. A taxpayer must be able to specify the precise code provisions which secures a deduction to him. Although doubts arising over a taxing statute should be construed in favor of the taxpayer, deductions are to be construed in favor of the state. (*Estate of Giolitti, supra,* 26 Cal.App.3d at p. 331.)

■ We are mindful of the fundamental rule of statutory construction which states that the court should ascertain the intent of the Legislature to best effectuate the purpose of the law. (*Howard* v. *Franchise Tax Board* (1966) 243 Cal.App.2d 482, 485 [52 Cal.Rptr. 547].) Legislative intent should be gathered from the whole act and applied reasonably to carry out the policy of the legislation. (*Bethlehem Pacific Coast Steel Corp.* v. *Franchise Tax Board* (1962) 203 Cal.App.2d 458, 463 [21 Cal.Rptr. 707].)

As the executor points out, both Congress and the California Legislature recognized the hardships death taxes wrought on estates consisting mainly of farms or other closely held businesses. These estates are often in a non-liquid position. The deferred payment provisions of both the federal and state legislation sought to avoid requiring the executor to sell the decedent's interest in a farm or closely held business, especially a family business, to pay death taxes. (Rev. & Tax. Code, §§ 14105, & 14143.5 [Repealed June 8, 1982, Stats. 1982, ch. 1535, § 14, p. 5974]; Int.Rev. Code, §§ 6161-6166, see for legis. history 1976 U.S. Code Cong. & Admin. News, at pp. 4043-4044.)

We agree that the overall intent of the Legislature seems to have been to avoid hardship to taxpayers in situations such as the one presently before us. However, allowing the deferred payment of estate inheritance taxes itself accomplishes that purpose. Payments of the tax and interest are made in small increments rather than in one large sum. Additionally allowing deductions of interest paid from the total value of the estate confers a further benefit not strictly necessary to preserve the estate.

Moreover, if such a deduction is allowed, the tax burden on those estates paying their taxes on time may be greater than the burden on those estates deferring payment. For example, if the interest payments paid by the deferring estate approximated the income received on its fund during the period taxes were unpaid, both estates would be in the same economic position. However, if the deferring estate gets a deduction for such interest paid, it has achieved an economic advantage over the estate which pays in a timely fashion. ▮ Whenever two interpretations of a taxing statute are urged, the one which lays the burden of taxation uniformly upon those who bear that burden and who stand in the same degree with relation to the tax should be adopted. (*Estate of Giolitti, supra,* 26 Cal.App.3d at p. 333.)

As the executor points out, the income realized on funds which have remained in the estate as a result of deferring payment of estate taxes may not, in some situations, approximate the amount paid in interest. Regardless, by virtue of the deferred payment election, the executor is still able to avoid paying out a large sum all at once, possibly allowing him to maintain the estate as a whole functioning farming interest or family business, thus effectuating the purpose of the legislation. While inheritance taxes remain unpaid, the state suffers prejudice to the extent it would have had use of the taxes, and the charging of interest is a reasonable means of compensation for the privilege of deferring payment of taxes. (See *Diachenko* v. *State of California* (1981) 123 Cal.App.3d 932, 937 [177 Cal.Rptr. 164].)

▮ Therefore, although deferred estate and inheritance taxes operate to preserve the estate and interest paid on those taxes is properly an expense of administration, it is not within the ambit of ordinary expenses of administration. To allow the interest as a deduction would go beyond the purpose of the deferred payment legislation and possibly result in an unequal burden of taxation.

The order is affirmed.

Kaufman, J., and Rickles, J., concurred.