[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-Appellant Monica Owens appeals the trial court's adoption of the magistrate's decision granting Plaintiff-Appellee Kenneth Bester's claim for restitution of the residence located at 354 Fountain Avenue in Dayton. For the reasons that follow, we reverse the trial court's judgment and remand the matter for a hearing.
On June 17, 1998, Bester, a landlord, filed his complaint for forcible entry and detainer in the Dayton Municipal Court claiming Owens, his tenant, had failed to pay the rent that was due on June 1, 1998. In her answer and counterclaim filed on July 1, 1998, Owens asserted five affirmative defenses, one of which was that she had paid all rent due in a timely manner. In addition, she asserted thirteen counterclaims against Bester having to do with his failure to fulfill his statutory obligations pursuant to R.C. § 5321.04.[1] Trial was set for July 9, 1998, but at Bester's request it was continued to July 16. Thereafter, a second continuance was granted moving the trial to July 23. The record does not reveal at whose request the second continuance was granted. Furthermore, the order granting the second continuance does not contain any language indicating Owens was ordered to escrow any past due rent and rent becoming due during the pendency of the action.
On July 22, 1998, one day before trial, the magistrate issued his decision stating, in part, as follows:
 [T]he Magistrate finds that Plaintiff(s) is/are the landlord of the premises described as the term LANDLORD is defined in RC 5321; that all statutory and/or regulatory notices were served; that defendants failed to comply with the Courts [sic] order to escrow rental payments as a condition of trial; that Defendant(s) has/have breached the written/oral agreement between the parties as described in the complaint and the Plaintiff(s) should have restitution forthwith of said premises described in the Complaint.
The trial court's adoption of the magistrate's decision is included on the same document. Owens requested a stay of the order which was granted on August 17, in connection with which she was also required to post a supersedeas bond. She filed her notice of appeal the same day.
Owens asserts three assignments of error. First, she contends the trial court erred in requiring her to "post rent" as a precondition to affording her a hearing. Second, she claims the magistrate's decision granting Bester the relief he sought, and the trial court's adoption thereof, was improper in the absence of a hearing. Finally, Owens argues that the trial court should have granted her equitable relief from forfeiture of her leasehold interest in the premises. Our resolution of the first two assignments of error, however, eliminates any need to address the third.
 I. The trial court erred in demanding that Ms. Owens post rent as aprecondition of providing any hearing merely because Ms. Owensfiled counterclaims pursuant to O.R.C. 1923.061(B).
 In her first assignment of error, Owens contends the magistrate erred by requiring her to post rent as a precondition to a hearing. Owens seems to argue that her assertion of affirmative defenses should have somehow saved her from having to escrow the allegedly past due rent. We disagree for the reasons that follow.
The relevant portion of R.C. § 1923.061(B) provides as follows:
 In an action for possession of residential premises based upon nonpayment of the rent * * * the tenant or resident may counterclaim for any amount he may recover under the rental agreement or under Chapter 3733. or 5321. of the Revised Code. In that event, the court from time to time may order the tenant or resident to pay into court all or part of the past due rent and rent becoming due during the pendency of the action. * * * If the tenant or resident has paid into court an amount greater than that necessary to satisfy a judgment obtained by the landlord, the balance shall be returned by the court to the tenant or resident.
 Thus, where a tenant asserts a counterclaim in an action based on nonpayment of rent, the determination whether to require the tenant to escrow rent during the pendency of the action is committed to the discretion of the trial court. Smith v. Wright (1979), 65 Ohio App.2d 101, 107. Moreover, by its terms, the statute does not allow a counterclaiming tenant's assertion of the affirmative defense of timely payment of rent to automatically deprive the trial court of its discretion to order deposit of the allegedly past due rent. If the result of the trial is that the tenant owes no rent, the funds deposited are returned to the tenant. Therefore, a counterclaiming tenant alleged to be in arrears but who asserts the affirmative defense of timely payment of rent may nevertheless be ordered to deposit the alleged arrearage with the court. See Sandefur Mgt. Co. v. Smith (1985), 21 Ohio App.3d 145, 146. Should the tenant fail to do so, she is precluded from presenting any evidence respecting her counterclaims at trial. Martins Ferry Jaycee Hous. v. Pawlaczyk (1982), 4 Ohio App.3d 302, 303-04; Cuyahoga River Assoc. Ltd. Partnership v. MJK Corp.
(Jan. 18, 1996), Cuyahoga App. No. 68673, unreported.
Here, Owens asserted thirteen counterclaims, each of which cited R.C. Chapter 5321 as its basis, making R.C. § 1923.061(B) applicable in this case. As such, the trial court's order that Owens deposit the allegedly past due rent with the court case was well within its discretion. We observe, however, that while Owens' failure to escrow the allegedly past due rent may have deprived her of her right to present evidence respecting her counterclaims at the eviction trial, it should have had no effect on her right to pursue the affirmative defenses she asserted in her answer. We discuss the issue of Owens' affirmative defenses in more detail in her second assignment of error, below.
For the foregoing reasons, Owens' first assignment of error is overruled.
 II. The trial court improperly granted Appellee's complaint, becausedue process requires that the [sic] Ms. Owens be given a hearingbefore an impartial tribunal prior to the granting of an evictionby a court.
Next, we consider whether the magistrate violated Owens' due process rights by rendering his decision in favor of Bester before affording Owens an opportunity to be heard. As we have previously held:
 At a minimum, due process requires that a tenant be afforded an opportunity to be heard before a neutral adjudicator in support of her position that she is not liable for the damages or that the amount is incorrect or inequitable. Where, as here, the resolution of the dispute depends upon disputed issues of fact, due process requires an opportunity to confront and to cross-examine adverse witnesses.
 Gorsuch Homes, Inc. v. Wooten (1992), 73 Ohio App.3d 426,432-33, citing Goldberg v. Kelly (1970), 397 U.S. 254, 269.
In the present case, Bester's complaint alleged Owens owed past due rent. In her answer, Owens asserted affirmative defenses, one of which was timely payment of rent. Thus, resolution of the action depended on disputed issues of fact. Owens was therefore entitled to be heard before a neutral adjudicator and to confront and cross-examine adverse witnesses. By rendering his decision before the trial, the magistrate deprived Owens of due process of law, as did the trial court by adopting the magistrate's decision. As such, the trial court's judgment cannot stand and we sustain Owen's second assignment of error.
We note, however, Bester's argument in his brief to the effect that because the two continuances of the trial date amounted to a total of fourteen days, Owens' failure to post bond in the form of escrowed past due rent operated to effectively revoke one or both continuances, citing R.C. § 1923.08. That section provides that no continuance of more than eight days in a forcible entry and detainer action is permitted unless, interalia, the defendant gives a bond to the plaintiff. While the record does not aid us in determining whether the "posting of rent" referred to in the magistrate's order was pursuant to R.C. § 1923.061(B) or R.C. § 1923.08, we find that even assuming the applicability of the latter, Owens would have been entitled to a hearing.
The first continuance advanced the trial date by seven days, as did the second, so Bester is correct insofar as he argues that together the two continuances advanced the trial date fourteen days. The record shows, however, that the first continuance was granted at Bester's request, not Owens'. Bester's argument that, for purposes of R.C. § 1923.08, the continuance he himself obtained should be attributed to Owens is rejected. Therefore, even assuming arguendo that the second continuance was at Owens' request, which is by no means clear from the record, she still did not exceed the eight-day period mandating a bond as pursuant to R.C. § 1923.08. Consequently, Owens would have been entitled to a hearing even if the trial court's order to "post rent" was issued under R.C. § 1923.08.
Owen's first assignment of error is overruled, the second is sustained, and the third is thereby rendered moot.
Having found the magistrate's decision, and the trial court's adoption thereof, to be violative of Owens' due process rights, we reverse the trial court's judgment and remand for further proceedings according to law.
GRADY, P.J. and WOLFF, J., concur.
[1] Owens' counterclaims actually cite R.C. § 5321.05, but that section details the obligations of the tenant, and we believe its citation to be the result of a typographical error.