OPINION
{¶ 1} Defendant-appellant Larry Ealy appeals from the trial court's decision granting plaintiff-appellee St. Joseph Investment's (SJI) request for a writ of restitution.
 {¶ 2} In February, 2006, the parties entered into a lease agreement whereby Ealy and his wife agreed to pay $450 in monthly rent for their use of an apartment *Page 2 
owned by SJI. After they failed to pay the rent for the months of May and June, 2006, SJI served the Ealys with a notice to leave the premises. The couple ignored the notice, and at the end of the month SJI instituted proceedings to evict them.
 {¶ 3} Following a hearing in July, 2006, the trial court granted SJI's request for a writ of restitution. Ealy promptly objected to the magistrate's ruling, maintaining that the court had refused to review evidence of repairs he made around the apartment. The trial court sustained the objection and returned the case to the magistrate. After Ealy failed to appear for the next hearing date, the trial court again ordered restitution. Ealy objected. The trial judge recused himself, and the matter was rescheduled for a third hearing, after which a third writ of restitution was granted in October, 2006. Ealy appealed.
 {¶ 4} Ealy sought from the trial court a stay from the writ during the pendency of his appeal. The trial court granted the stay and ordered Ealy to post a bond of $1,800 with the clerk's office. Later, the trial court ordered an additional bond of $1,350 to be posted within one week, which reflected additional rent that had accrued. After Ealy failed to post that bond on time, SJI petitioned the trial court to vacate the stay. The court granted the request, and the writ was reinstated on March 30, 2007. On April 2, 2007 Ealy sought a stay of the trial court's order with this Court. We granted that stay, and in keeping with the trial court's earlier order, we required an additional bond of $3,150 to be posted with the Clerk of the Court of Appeals within eight days. That money reflected all unpaid rent from May, 2006, until the time of the order, less the $1,800 already deposited. We also ordered Ealy to post an additional $450 to be deposited by the first of each month during which the appeal was pending. *Page 3 
 {¶ 5} The only issue before this Court is the propriety of trial court's decision granting the writ of restitution to SJI. That matter is now ripe for review.
 II {¶ 6} Ealy's sole assignment of error is as follows:
 {¶ 7} "THE TRIAL COURT IMPROPERLY GRANTED THE PLAINTIFF APPELLEE'S
 {¶ 8} MOTION FOR JUDGMENT ON THE PLEADINGS."
 {¶ 9} Ealy argues that the trial court should not have granted a writ of restitution to SJI. In support he presents several arguments that the trial court erred in refusing to hear certain evidence. For the following reasons, we find no error.
 {¶ 10} While Ealy may have had valid complaints regarding the habitability of the apartment, he failed to avail himself of the legal remedies afforded pursuant to R.C. 5321.07. That statute states that when the conditions of residential premises are such that the tenant reasonably believes that a landlord has failed to fulfill his statutory obligations, "the tenant may give notice in writing to the landlord, specifying the acts, omissions, or code violations that constitute noncompliance." R.C. 5321.07(A). If the landlord receives that written notice but fails to remedy the condition within a reasonable time, then the tenant has recourse. First, he may deposit with the clerk of courts all rent currently due as well as additional rent that becomes due while the matter is being resolved. R.C. 5321.07(B)(1). Second, the tenant may seek an order from the court ordering the landlord to remedy the situation. R.C. 5321.07(B)(2). At the same time, the tenant may seek a reduction of his rent until the repairs are made, or he may *Page 4 
request an order to use the rent deposited with the clerk to remedy the condition himself. Id. Finally, the tenant may terminate the rental agreement. R.C. 5321.07(B)(3).
 {¶ 11} Ealy claims to have advised SJI orally of the defects in May, 2006, during a walk-through of the apartment. Assuming, arguendo, that oral notice is sufficient, Ealy still failed to take advantage of the statutory remedies available to him. Ealy failed to deposit any rental payments with the clerk of courts until the trial court ordered him to do so many months after he began to withhold rent due to the alleged uninhabitability of the apartment. Nor did Ealy avail himself of his other options under the statute.
 {¶ 12} When a tenant is not current in his rent and has failed to make any escrow of rental payments with the clerk of courts, the trial court may properly prohibit the tenant from presenting evidence of the condition of the apartment as a defense to an action for restitution.Martins Ferry Jaycee Housing, Inc. (1982), 4 Ohio App.3d 302,448 N.E.2d 512, citing Smith v. Wright (1979), 65 Ohio App.2d 101, 416 N.E.2d 655. Thus, we find no abuse of discretion in the trial court's evidentiary decisions.
 {¶ 13} Because Ealy failed to abide by the recourse for a tenant established in R.C. 5321.07, the trial court did not err in granting the writ of restitution to SJI. Therefore, Ealy's sole assignment of error is overruled.
 III {¶ 14} Ealy's sole assignment of error having been overruled, the judgment of the trial court is Affirmed. This cause is remanded to the trial court so that it may determine the proper disposition of the bonds Ealy has posted. Toward that end, the Clerk of *Page 5 
Courts for the Montgomery County Court of Appeals is directed to transmit to the Clerk of Courts for the Dayton Municipal Court the bond moneys deposited, for disposition upon the order of the trial court.
 WOLFF, P.J., and BROGAN, J., concur. *Page 1