[Cite as *Parma v. Perotti*, 2024-Ohio-1359.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF PARMA,                                  :

    Plaintiff-Appellee,                    :

                                     No. 112089

    v.                                          :

DEREK PEROTTI,                                  :

    Defendant-Appellant.                   :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** April 9, 2024

---

Parma Municipal Court
Case No. 21-TRC-15946
Application for Reopening
Motion No. 570762

---

### *Appearances:*

Scott Tuma, City of Parma Law Director/Chief Prosecutor, and Gregory A. Gentile, Assistant Prosecuting Attorney, *for appellee.*

Robert A. Dixon, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Derek Perotti has filed a timely App.R. 26(B) application for reopening. Perotti is attempting to reopen the appellate judgment, rendered in *Parma v. Perotti*, 8th Dist. Cuyahoga No. 112089, 2023-Ohio-3472, that affirmed

the denial of his motion to suppress evidence that was used for the conviction of operating a vehicle under the influence ("OVI") following a jury trial in *Parma v. Perotti*, Parma M.C. No. 21-TRC-15946. We decline to reopen Perotti's appeal.

## I. Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 2} An application for reopening shall be granted if there exists a genuine issue as to whether an applicant was deprived of the effective assistance of appellate counsel on appeal. *See* App.R. 26(B)(5). To establish a claim of ineffective assistance of appellate counsel, Perotti is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*.

**{¶ 4}** Moreover, even if Perotti establishes that an error by his appellate counsel was professionally unreasonable, Perotti must further establish that he was prejudiced; but for the unreasonable error there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability, regarding an application for reopening, is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-5504.

## II. First Proposed Assignment of Error — Speculation by Arresting Police Officer as to Other Offenses Possibly Committed

**{¶ 5}** First assignment of error, in support of his application for reopening, is that

> [t]he trial court erred in permitting [arresting police officer] to speculate as to other offenses which he believed Mr. Perotti might have committed.

Perotti, through his first proposed assignment of error, argues that his appellate counsel failed to argue on appeal the issue of the arresting police officer testifying at trial regarding offenses that might have been committed, besides the charged offense of OVI. Specifically, Perotti argues that he was prejudiced by the testimony of the arresting police officer upon his arrival at the scene of a young female's complaint about suspicious behavior by Perrotti: 1) police officer responded to complaint by young female, 2) young female pointed to vehicle Perotti was operating, 3) police officer began to follow vehicle operated by Perotti, and 4) thought process of police officer during investigation of complaint. Perotti argues

that the testimony of the arresting police office was prejudicial and should have been excluded under Evid.R. 403(A).

{¶ 6} We find that the testimony of the arresting police officer regarding the basis for his response to a complaint from a young female about suspicious behavior by Perotti was admissible at trial and its probative value was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury. There was no violation of Evid.R. 403(A) that required the exclusion of the testimony of the arresting officer regarding his thought process during the investigation, because the testimony of the arresting officer was relevant, equivocal, and contemporaneous. *State v. Ricks*, 136 Ohio St.3d 356, 2013-Ohio-3712, 995 N.E.2d 1181; *State v. Richcreek*, 196 Ohio App.3d 505, 2011-Ohio-4686, 964 N.E.2d 442 (6th Dist.); *State v. Blevins*, 36 Ohio App.3d 147, 521 N.E.2d 1105 (10th Dist.1987).

### III. Second Proposed Assignment of Error — Prosecutor's Comment to Jury to "Protect the Community"

{¶ 7} Perotti's second proposed assignment of error is that

> [t]he prosecutor committed misconduct by speculating as to other offenses Mr. Perotti might have committed and by urging the jury to "protect the community."

Perotti, through his second proposed assignment of error, argues that he was prejudiced by the prosecutor's misconduct during closing arguments. Specifically, Perotti argues that that remarks of the prosecutor during closing arguments regarding Perotti's presence on the young female's porch and the need to protect the

community, were prejudicial and resulted in a conviction for OVI based upon "something he was not arrested nor charged with."

{¶ 8} A prosecutor must avoid any declarations, claims, or averments that are deliberately calculated to mislead a jury. *State v. Maurer*, 15 Ohio St.3d 239, 473 N.E.2d 768 (1984); *State v. Smith*, 14 Ohio St.3d 13, 470 N.E.2d 883 (1984). An allegation of prosecutorial misconduct in closing argument must be reviewed to determine whether any remarks were improper and, if so, whether they prejudicially affected substantial rights of Perotti. A conviction can only be reversed on the grounds of prosecutorial misconduct if the effect of the misconduct permeated the entire trial and Perotti has demonstrated that but for the prosecutor's improper statements, he would have prevailed at trial. *Broadview Hts. v. Thomas*, 8th Dist. Cuyahoga No. 112312, 2023-Ohio-4645. The key to a determination of prosecutorial misconduct is the fairness of the trial not the culpability of the prosecutor. *State v. Williams*, 8th Dist. Cuyahoga No. 111739, 2023-Ohio-1748.

{¶ 9} A review of the trial transcript, as provided by Perotti and made a part of the App.R. 26(B) application for reopening, clearly fails to demonstrate that he would have been found not guilty of OVI, but for the claimed errors of prosecutorial misconduct. It is clear beyond a reasonable doubt that the jury would have found Perotti guilty of OVI regardless of the alleged misconduct of the prosecutor. Thus, we find that Perotti was not prejudiced by any of the remarks made by the prosecutor during closing arguments. *State v. Hanna*, 95 Ohio St.3d 285, 2002-Ohio-2221, 767

N.E.2d 687; *State v. Stevens*, 6th Dist. Lucas No. L-21-1219, 2023-Ohio-4683; *State v. Erker*, 2019-Ohio-3185, 141 N.E.3d 543 (8th Dist.).

{¶ 10} Accordingly, we decline to grant Perotti's App.R. 26(B) application for reopening.

{¶ 11} The application for reopening is denied.

_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR