[Cite as *Parma v. Perotti*, 2025-Ohio-5224.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF PARMA,                                       :

    Plaintiff-Appellee,                        :

                                             No. 114803

    v.                                         :

DEREK L. PEROTTI,                                    :

    Defendant-Appellant.                       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** November 20, 2025

---

Civil Appeal from the City of Parma Municipal Court
Case No. 21TRC15946

---

### *Appearances:*

Scott M. Tuma, Parma Chief Prosecutor, and Gregory A. Gentile, Assistant Prosecuting Attorney, *for appellee.*

Kimberly Kendall Corral, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant Derek L. Perotti ("Perotti") appeals from the Parma Municipal Court's decision denying his petition for postconviction relief filed under R.C. 2953.21. For the reason that follow, we dismiss.

## I. Facts and Procedural History

{¶ 2} In December 2021, Perotti was charged in Parma Municipal Court with one count of operating a vehicle while under the influence of alcohol or drugs ("OVI") in violation of R.C. 4511.19(A)(1)(a) and OVI BAC-refusal with prior in violation of R.C. 4511.19(A)(2). He pled not guilty and filed a motion to suppress. In his suppression motion, Perotti argued that the officers (1) lacked reasonable and articulable suspicion to stop Perotti's vehicle; (2) lacked probable cause to arrest Perotti for OVI; and (3) did not conduct the field sobriety tests in substantial compliance with the requisite guidelines. Following a hearing, the motion to suppress was granted in part as to the field sobriety tests, specifically the horizontal-gaze-nystagmus test. Thereafter, the matter proceeded to jury trial at which Perotti was found guilty of both charges.

{¶ 3} The court sentenced Perotti on September 27, 2022. At sentencing, the trial court found that this was Perotti's second OVI conviction in the last six years. The court merged both counts for sentencing and sentenced Perotti to 180 days in jail (160 days suspended), and 24 months of community control. The court suspended his driver's license for 730 days with limited driving privileges and ordered him to pay a $750 fine and court costs. The court stayed Perotti's sentence pending his direct appeal.

{¶ 4} On October 26, 2022, Perotti filed a notice of appeal. The record was filed with this court on February 10, 2023. On appeal, Perotti's sole assignment of error argued that the trial court erred by denying his suppression motion asserting

that the police officers lacked reasonable suspicion to conduct field sobriety tests and lacked probable cause to arrest him for OVI. This court affirmed the trial court's decision on September 28, 2023. *Parma v. Perotti*, 2023-Ohio-3472 (8th Dist.).

{¶ 5} On December 27, 2023, Perotti filed an application to reopen appeal under App.R. 26(B)(2)(c) claiming ineffective assistance of appellate counsel. He argued that appellate counsel should have assigned as error the trial court's admission of prejudicial police officer testimony and prosecutorial misconduct. On April 9, 2024, this court denied Perotti's motion to reopen his direct appeal, finding that the appellate counsel was not ineffective because the police officer's testimony was properly admitted and any misstatements by the prosecutor were not prejudicial. *Parma v. Perotti*, 2024-Ohio-1359 (8th Dist.).

{¶ 6} On February 12, 2024, while Perotti's motion to reopen was pending, he filed a petition for postconviction relief under R.C. 2953.21 in the trial court. In his petition, he argues that he received ineffective assistance of trial counsel when his counsel incorrectly advised him that certain evidence would be excluded because it was hearsay. Perotti maintains that had he been advised properly, he would have accepted the plea offer and not gone to trial.[1]

{¶ 7} On April 12, 2024, the docket simply states that the "court of appeals ruling renders this motion moot per Judge Deanna O'Donnell." We note that a corresponding journal entry is not in the court file, nor were the parties served with

---

[1] The plea offer is not in the record.

this "ruling."[2]  On November 25, 2024, Perotti filed a motion for hearing on his petition for postconviction relief or in the alternative he requested findings of fact and conclusions of law.  On December 5, 2024, the trial court denied Perotti's petition for postconviction relief and issued findings of fact and conclusions of law.

{¶ 8}  It is from this judgment that Perotti now appeals and raises the following assignments of error for our review:

> **Assignment of Error I:**  The trial court erred when it determined that the petitioner's postconviction claim was interrelated and interdependent on his direct appeal.
>
> **Assignment of Error II:**  The trial court erred when it failed to analyze the merits of petitioner's postconviction claims under the correct legal standards.
>
> **Assignment of Error III:** The trial court erred when it failed to issue the findings of fact and conclusions of law.
>
> **Assignment of Error IV:** The trial court erred when it failed to hold a hearing on the petitioner's postconviction claims.

## II.  Law and Analysis

{¶ 9}  Initially, we note that prior to oral argument, we ordered the parties to brief whether the trial court had jurisdiction to review the petition for postconviction relief filed pursuant to R.C. 2953.21 considering the long-standing Ohio Supreme Court decision in *State v. Cowan*, 2004-Ohio-1583, which was

---

[2] In the court file, a xeroxed copy of the front page of Perotti's petition is included with a handwritten note presumably from the judge that is not time-stamped.  This does *not* qualify as a journal entry.  "'To journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, a judge signs it, and it is filed with the clerk so that it may become a part of the permanent record of the court.'" *Cleveland v. Kushlak*, 2022-Ohio-4402, ¶ 39 (8th Dist.), quoting *State v. McDowell*, 2002-Ohio-6712, ¶ 7 (7th Dist.).

followed by this court in *Cleveland Hts. v. Watson*, 2005-Ohio-3595 (8th Dist.). The *Cowan* Court held that "a municipal court is without jurisdiction to review a petition for postconviction relief filed pursuant to R.C. 2953.21." *Cowan* at ¶ 20. Both parties submitted briefs as requested.

{¶ 10} Naturally, the City argues that *Cowan* and *Watson* apply, and therefore, the trial court lacked jurisdiction to address Perotti's petition. As a result, the City asserts that this appeal should be dismissed. Perotti, on the other hand, argues that *Cowan* is distinguishable. He urges this court to revisit the statutory interpretation of R.C. 2953.21 considering the numerous amendments made to the statute since the Ohio Supreme Court's decision in *Cowan*. In order to address whether *Cowan* is distinguishable, a brief history of the postconviction statute is required.

{¶ 11} "In 1949, the United States Supreme Court declared that the states must provide their prisoners with some 'clearly defined method by which they may raise claims of denial of federal rights.'" *Dayton v. Hill*, 21 Ohio St.2d 125, 126 (1970), quoting *Young v. Ragen*, 337 U.S. 235, 239 (1949). This announcement spurred the drafting and adoption of the Uniform Post Conviction Procedure Act in 1955 by the National Conference of Commissioners on Uniform State Laws. *Id*. The Act was specifically limited to felony convictions. *Id*. Thereafter, the states adopted their rendition of postconviction statutes.

{¶ 12} Ohio's statute was adopted in 1965 and codified in R.C. 2953.21. The original statute read as follows:

*A prisoner in custody under sentence* and claiming a right to be released on the ground that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence.

Unless the petition and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on *the prosecuting attorney*, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto.

If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, it shall vacate and set aside the judgment, and shall discharge the prisoner or resentence him or grant a new trial as may appear appropriate. Costs shall be taxed as in habeas corpus proceedings.

(Emphasis added.) R.C. 2953.21 (effective July 21, 1965).

{¶ 13} The statute was amended in 1967, more than doubling in length, and changed "[a] prisoner in custody" to "any person convicted of a criminal offense or adjudged delinquent" and added the wording "of that county" after prosecuting attorney. In addition, the amendment added numerous procedural provisions. *See* R.C. 2953.21 (effective Dec. 9, 1967).

{¶ 14} In 1970, the Ohio Supreme Court addressed whether Ohio's postconviction statute, R.C. 2953.21 through 2953.24, provided a remedy for the denial of counsel in a municipal court prosecution for a violation of a city ordinance. *Hill*, 21 Ohio St.2d at 126. After analyzing the postconviction relief act, the *Hill* Court was convinced that the statute was limited to state-prosecuted convictions because the county prosecutor was to participate in any hearing on the petition. *Id.* The

Court also noted that although the statute uses the words "criminal offense" the trial court was to consider the "indictment," inter alia, when making its decision.[3] *See* R.C. 2953.21(C) (effective Dec. 9, 1967). The *Hill* Court stated that

> [t]he sole language in the entire [Post-Conviction Procedure] Act which even suggests that it could apply to Municipal Court prosecutions for city ordinance violations is the General Assembly's use of the term "criminal offense." However, the remaining language, in both the original Act and in the 1967 amendment, clearly shows that no logical or reasonable procedure has been provided for the handling of post-conviction petitions filed in a Municipal Court as the result of a conviction and sentence for violating a municipal ordinance. To give such effect to the Ohio Act would be to create chaos and uncertainty at both county and municipal levels of government as to how to process post-conviction petitions filed under circumstances obviously not envisioned by the General Assembly.

*Hill* at 128. The Court held that R.C. 2953.21, et seq., does not apply to people convicted of violating a municipal ordinance. *Id.* at syllabus. The Court left open for another day whether the statute applied to individuals convicted in municipal courts of violations of state law.

{¶ 15} Thereafter, the statute was amended seven more times adding numerous subsections and over 1,400 words, before the Ohio Supreme Court resolved a conflict among districts and addressed the question "[w]hether a municipal court has jurisdiction to review a petition for post-conviction relief, filed

---

[3] The *Hill* Court also highlighted language in other sections of the postconviction statute, including R.C. 2953.22-2953.24, which referred to the "Court of Common Pleas of the county where the hearing is to be held," "the warden of the penitentiary, the superintendent of the state reformatory, or the head of the state penal institution," and the "county in which petitioner was sentenced" was to appoint and compensate counsel. *Hill* at 127-128. Importantly, prior to the Court's decision in *Cowan*, most of this language was deleted in subsequent amendments, and R.C. 2953.24 was repealed.

pursuant to R.C. 2953.21, where the conviction is based upon a violation of a state law." *Cowan*, 2024-Ohio-1583, at ¶ 1. In *Cowan*, the defendant argued that the decision in *Hill* was incorrect. Cowan asserted that the plain language of the statute permitted "any person convicted of a criminal offense" to file a petition for postconviction relief and that the statute did not limit petitions to common pleas courts. *Id*. at ¶ 10. The Court disagreed and held that "a municipal court is without jurisdiction to review a petition for postconviction relief filed pursuant to R.C. 2953.21." *Cowan* at ¶ 20.

{¶ 16} The *Cowan* Court further explained that "[m]unicipal courts are creatures of statute and have limited jurisdiction[,]" and that neither R.C. 1901.18 nor R.C. 1901.20, which confer civil and criminal jurisdiction to the municipal courts, provides for jurisdiction over postconviction-relief petitions in the municipal courts, emphasizing that "[h]ad the General Assembly envisioned such jurisdiction, it could have explicitly conferred it in R.C. Chapter 1901." *Id*. at ¶ 11. Moreover, the *Cowan* Court stated that "[i]n the years since this court's decision in *Hill*, the General Assembly has amended the post-conviction relief statute several times but still has never provided a procedure for handling any type of post-conviction petition in municipal court." *Id*. at ¶ 19.

{¶ 17} With this history in mind, we now turn to the instant case, where Perotti invites this court to revisit the statutory language "any persons who has been convicted of a criminal offense." Perotti argues that this language is unambiguous and if the legislature intended to exclude misdemeanors, it would have chosen

different language. He asserts that the statute provides that an eligible person "may file a petition in the court that imposed sentence," which necessarily includes municipal courts. Perotti further asserts that although the statute still requires that the "prosecuting attorney of the county" be served by the clerk of courts, the remainder of the statute leaves out the words "of the county" when referencing the prosecuting attorney; therefore, municipal court prosecutors and misdemeanors are not excluded. We disagree.

{¶ 18} When *Cowan* was decided, the statute read, in pertinent part, as follows:

> *Any person who has been convicted of a criminal offense* or adjudged a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States *may file a petition in the court that imposed sentence*, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

(Emphasis added.) R.C. 2953.21(A)(1)(a) (effective Oct. 29, 2003). The most recent postconviction relief statute states, in pertinent part:

> A person in any of the following categories *may file a petition in the court that imposed sentence*, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:
>
> (i) *Any person who has been convicted of a criminal offense* or adjudged a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]

(Emphasis added.) R.C. 2953.21(A)(1)(a) (effective Apr. 12, 2021).

{¶ 19} When reviewing both versions of the statute, we note that the specific wording Perotti highlights remains the same as when *Cowan* was decided. Furthermore, since *Cowan* was decided in 2004, the statute has been amended five more times and increased in length to approximately 4,000 words. Yet, what has remained the same is that the petition is to be served on the "prosecuting attorney of that county" and the "indictment" is to be considered when the trial court makes its decision.[4] *See* R.C. 2953.21(B) and (D) respectively. Although multiple additions have been made referencing felonies, murder convictions, and the death penalty, nothing has been added referencing municipal courts or misdemeanor convictions. Furthermore, the statute does not provide for the handling of any type of postconviction petition in the municipal courts, which was a factor when the Ohio Supreme Court decided *Hill* and *Cowan*.

{¶ 20} Nevertheless, Perotti argues that the language of R.C. 2953.21 does not set forth any procedure that would distinguish the adjudication of postconviction claims in juvenile courts from common pleas courts; therefore, he asserts that the statute need not set forth a specific procedure for municipal court. This argument falls short because the statute specifically applies to "a child adjudged delinquent," and the juvenile courts are a division of the common pleas courts.

---

[4] Again we note that R.C. 2953.22-2953.23 were revised *prior* to *Cowan*, deleting the words "Court of Common Pleas of the county where the hearing is to be held," "the warden of the penitentiary, the superintendent of the state reformatory, or the head of the state penal institution," and R.C. 2953.24 was repealed wherein appointed counsel was to be compensated by the "county in which petitioner was sentenced."

Consequently, the absence of procedure for municipal courts in the current version of R.C. 2953.21 is still a valid factor to consider.

{¶ 21} Finally, neither R.C. 1901.18, which sets forth a municipal court's subject-matter jurisdiction, nor R.C. 1901.20, which confers on municipal courts criminal and traffic jurisdiction, have been amended since *Cowan* to provide for jurisdiction over postconviction-relief petitions in the municipal courts.

{¶ 22} Therefore, *Cowan* applies to the case at bar, and we find that the trial court lacked jurisdiction to address Perotti's postconviction petition. When a trial court enters a judgment without jurisdiction, the judgment is void and a nullity. *State v. Hudson*, 2020-Ohio-3849, ¶ 11. Furthermore, a court of appeals cannot entertain an appeal from a void judgment; consequently an appeal based on a void judgment must be dismissed. *In re G.C.*, 2021-Ohio-2442, ¶ 10 (8th Dist.).

{¶ 23} Accordingly, the appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

WILLIAM A. KLATT, J.,* CONCURS;
SEAN C. GALLAGHER, J., CONCURS (WITH SEPARATE OPINION)

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)

SEAN C. GALLAGHER, J., CONCURRING:

{¶ 24} I concur fully with the majority's reasoning and resolution. I write separately to address one sidenote on this case involving the review of post-conviction-relief petitions under R.C. 2953.21.

{¶ 25} At the oral hearing in this matter, I questioned why appellant had not raised his concerns about his counsel in his initial appeal that now forms the basis of his postconviction-relief petition. Those facts were all known to him at that time. Appellate counsel correctly pointed out that because the conversations between appellant and his trial counsel were not part of the record, they would not be subject to review on direct appeal. That is indeed a correct statement of the law, but it reveals a somewhat muddled situation. While conversations between counsel and a client are generally privileged, that allows for a defendant to sit on a fully known issue and only bring it up after the appeal in a postconviction proceeding. Although that is the nature of postconviction proceedings, one approach might be for the trial judge to put the terms of the rejected plea offer on the record and confirm the defendant has discussed those terms with counsel. While that may not completely put all aspects of counsel's advice on the record, it arguably puts the surrounding circumstances of the plea in the record.